ON REHEARING
PER CURIAM.
The opinion previously published herein on February 13, 1980, is withdrawn and the following opinion substituted therefor.
*1355 Appellant seeks reversal of the trial court’s order withholding adjudication and placing her on probation for a period of one year. She pled nolo contendere to attempted possession of a controlled substance, a misdemeanor. Appellant suggests error in the denial of her sworn motion to dismiss and motion to suppress certain evidence. We find no merit in appellant’s position as to the motion to suppress and affirm. As to the trial court’s ruling on the defendant’s motion to dismiss filed pursuant to Rule of Criminal Procedure 3.190(c)(4), we deem it appropriate to comment upon practice under this rule as applicable herein. The rule requires that the defendant specifically allege what the undisputed facts are and that the State specifically traverse facts which are in dispute. The respective responsibilities of the parties are well stated in Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977), as follows:
Initially, the defendant in his sworn motion must allege that the material facts of the case are undisputed, describe what the undisputed material facts are, and demonstrate that the undisputed facts fail to establish a prima facie case or that they establish a valid defense (either an affirmative defense or negation of an essential element of the charge). Obviously, if the undisputed facts as alleged' in the motion to dismiss do not meet such burden then any response from the State would be superfluous, and the motion may be summarily denied. If, however, the allegations of the motion meet the above test, then the burden shifts to the State. If the State wishes to avoid the effect of the motion, then its traverse or demurrer, as described in Rule 3.190(d), must place a material issue of fact in dispute or establish that the undisputed facts do establish a prima facie case. In the former instance, denial by the State under oath in its traverse of a specific material fact alleged in the motion to dismiss requires automatic denial of the motion to dismiss. Conversely, those facts alleged in the motion to dismiss which are not specifically denied by the State are, for the purpose of the motion, deemed admitted. For the State’s traverse to effectively deny a material fact alleged in the motion to dismiss, it need not be based in whole or in part on the personal knowledge of the state attorney who files it nor must it be buttressed by the affidavit of the victim or other witness. State v. Hamlin, 306 So.2d 150 (Fla. 4th DCA 1975). While the rule does not require the State to allege any facts which negate the factual matters set forth in the motion to dismiss, the State must nevertheless, when it purports to deny material facts, deny those facts with specificity. Supra at 1045.
In the instant case, the defendant’s sworn motion to dismiss was rather conclusory in that she simply stated she was legally in possession of the drug in question pursuant to a valid medical prescription. The State’s traverse is equally conclusory in that it simply denied the defendant was legally in possession of the drug. We frankly find fault in compliance with the rule on both sides in that both the motion and the traverse were conclusory in nature and not factually explicit. Under these circumstances, we cannot fault the trial court for denying the motion, and the order is thus affirmed.
AFFIRMED.
BERANEK, HERSEY and GLICK-STEIN, JJ., concur.