PER CURIAM.
Daniel McCarthy challenges the judgment of conviction, rendered by the Circuit Court for Broward County, of employing a scheme to defraud under Section 817.035(2). We have carefully reviewed the record and the briefs, and find only one point which merits discussion: whether appellant’s acquittal in a prior Palm Beach County prose *1154 cution barred the prosecution sub judice. We affirm.
By his Motion for Arrest of Judgment, filed two weeks after verdict and judgment, and by a pleading styled “Renewed Motion to Dismiss,” filed six weeks after verdict and judgment, appellant presented for the first time his defense of former jeopardy. The Motion for Arrest of Judgment merely alleged that the trial court lacked jurisdiction because the double jeopardy clause barred prosecution. The Renewed Motion to dismiss alleged that the State had previously prosecuted appellant under the same statute for an offense which occurred during the same time period as that sub judice, and that the State presented the same witnesses. Appellant did not allege that the State charged him with the same offense, that is, the same scheme, in both cases. He alleged no fact which, if proven, would tend to demonstrate that both prosecutions involved the same scheme. Appellant did not attach a copy of the information from the prior prosecution to either motion. The court held a hearing on the Renewed Motion to Dismiss on March 19, 1980, and held a hearing on the Motion for Arrest of Judgment on March 20, 1980. At the March 20 hearing, appellant’s counsel did not address the merits of the double jeopardy claim, but argued issues of timeliness of the motions and the effect of a prior prosecution on the jurisdiction of the court. He stated that he relied upon and incorporated into the hearing, double jeopardy arguments made in the March 19 hearing. Appellant did not include a transcript of the March 19 hearing in the record on appeal. The trial judge denied the Renewed Motion to Dismiss on the grounds that it was untimely and that it was legally insufficient. He also denied the Motion for Arrest of Judgment.
We have granted Appellant’s Motions to Supplement the record three times, but he has favored us with no documentation of the prior prosecution. We ordered appellant to supplement the record with the transcript of the March 19 hearing and all documents submitted therein. In response to this order, appellant finally informed us that no transcript of this hearing exists. He submitted no documents introduced at the March 19 hearing. In the absence of a transcript which indicates otherwise, we conclude that appellant presented no evidence of the prior prosecution to the trial court.
It is fundamental that appellate review is confined to the record on appeal [citation omitted]. A review of the record on appeal in the case sub judice reveals that the record is devoid of any evidence pertaining to the [prior] proceedings before the trial court either corroborating or substantiating appellant’s factual allegations in his brief. ... Accordingly, this court is precluded from considering appellant’s allegation of double jeopardy based upon these prior proceedings.
Suiero v. State, 248 So.2d 219, 220-221 (Fla. 4th DCA 1971) (footnote omitted). AFFIRMED.
BERANEK, HERSEY and DELL, JJ., concur.