423 So.2d 1011 (1982)
PALM BEACH AVIATION, INC., Appellant,
v.
Gerald KIBILDIS, Appellee.
No. 81-2109.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
*1012 Allan L. Hoffman, West Palm Beach, for appellant.
No appearance for appellee.
DOWNEY, Judge.
Appellee sued appellant in two counts for damages for breach of contract and negligence arising out of the bailment of an airplane. From a judgment on a jury verdict for appellee, appellant has perfected this appeal.
The pleadings and evidence reflect that in 1979 appellee purchased a Cessna 150 aircraft in dismantled condition for the sum of $3,800. Needing a place to tie down the aircraft, appellee contracted with appellant to rent space at Palm Beach International Airport. In August, 1980, in pursuance of that contract appellee tied his airplane down on the rented facilities. A few days later it was discovered that the plane had been vandalized and the engine stolen. Claiming breach of contract and negligence on appellant's part, appellee commenced this suit. In its answer appellant asserted affirmative defenses involving agency, contributory negligence, and independent intervening cause. At the close of the evidence, the trial court directed a verdict for appellee in the sum of $3,000.
Appellant poses three points on appeal that suggest that the trial court erred a) in allowing the appellee as an owner to testify to the value of the stolen property, b) in holding the contract involved was not a bailment, and c) in holding that, as a matter of law, no agency existed between appellant and Palm Beach County. From our study of the record and appellant's brief[1] we believe appellant's second and third points demonstrate error.
Appellant's first point was not preserved for appeal because appellant's objection to appellee's testimony at trial was based on a ground different from the ground appellant raises here.
Under appellant's second point appellant argues the direction of the verdict on the contract count was erroneous. We agree.
The contract between the parties was a bailment contract for the mutual benefit of the parties. In order for a bailee such as appellant to be liable to a bailor such as appellee, the bailee must be guilty of some fault, such as negligence, that results in harm to the bailed property. 5 Fla.Jur.2d, Bailment, §§ 9-10.
At trial appellant adduced evidence from which the jury could have concluded *1013 that appellant exercised that degree of care toward appellee's aircraft that a reasonably prudent person would bestow on his own aircraft and was therefore not liable to appellee. Under these circumstances the circuit court should have permitted the jury to decide whether appellant breached its duty of care toward appellee's property; thus it was reversible error for the court to direct a verdict for appellee on the question whether appellant had breached the bailment contract.
It is also contended that appellant's agency defense was not moot. On the contrary, if, as appellant alleged, the property was owned by Palm Beach County and appellant was merely the County's agent in leasing the space and collecting rent, a jury might well find that the liability, if any, would rest with the county as a disclosed principal rather than with appellant. 2 Fla.Jur.2d, Agency and Employment, § 80.
Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial.
LETTS, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] Appellee did not favor us with a brief although directed to do so.