GLICKSTEIN, Judge.
The state appeals from an order granting appellee’s “sworn” motion to dismiss. We' question whether the motion was “sworn to”, as that term is used in Florida Rule of Criminal Procedure 3.190(c)(4), which provides in part:
The facts on which such motion is based should be specifically alleged and the motion sworn to.
Appellee declared that the motion was “true and correct to the best of his knowledge and belief.” He should have been required to attest to its truth, unqualifiedly. See State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981). We see a distinction between a defendant’s oath and that of an assistant state attorney who can traverse only in good faith on the basis of the contents of his file, not what he knows of his own knowledge.
The basis for the order of dismissal was the state’s failure to traverse. We reverse and remand because Florida Rule of Criminal Procedure 3.190(d) requires a traverse of a sworn motion which alleges factual matters. The motion in this case was speculative and conclusory in nature, not factual. It required neither traverse nor eviden-tiary hearing.
The facts show that the information was filed on October 9, 1980, charging appellee with aggravated battery and possession of a weapon while engaged in a felony on October 27, 1979. Appellee’s motion asserted:
The failure of the State to place the Defendant under arrest prior to January 15, 1981 was entirely unjustifiable and the delay in commencing prosecution has prejudiced the Defense.
As a result of this unjustifiable delay, the Defense can not remember all of the facts and circumstances which will show that the Defendant was a victim, responding and acting entirely in his own self defense. As a further result, the result, [sic] the defense is unable to locate people who were present at the time of the incident and who could, with due diligence, have been found had prosecution been commenced and Defendant arrested at a time nearer to the time of the incident alleged.
There is no justification for the state to have waited so long after the incident in question to arrest the Defendant.
In State v. Newman, 367 So.2d 251, 252 (Fla. 4th DCA 1979), this court said:
[Speculative allegations such as general allegations of loss of witnesses and failure of memories are insufficient to establish the requisite actual prejudice. United States v. Medina-Arellano, 569 F.2d 349 (5th Cir.1978).
We subsequently disapproved conclusory allegations in Kassel v. State, 382 So.2d 1354 (Fla. 4th DCA), pet. for rev. denied, 388 So.2d 1114 (Fla.1980). We do it again here.
HERSEY and DELL, JJ., concur.