**PURITAN INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**BUTLER AVIATION–PALM BEACH, INC., Defendant-Appellant.**

No. 82–5447.

United States Court of Appeals, Eleventh Circuit.

Sept. 19, 1983.

---

Gerald M. Walsh, Walsh, Theissen & Boyd, P.A., Fort Lauderdale, Fla., Sam

Daniels, Daniels & Hicks, Mark Hicks, Miami, Fla., for defendant-appellant.

Richard R. McCormack, Miami, Fla., Howard E. Barwick, Miami Shores, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and ANDERSON, Circuit Judge, and GOLDBERG *, Senior Circuit Judge.

PER CURIAM:

This appeal arises out of the theft of an airplane from the premises of Butler Aviation, a fixed based operator at Palm Beach International Airport. Upon landing at Palm Beach, the owner, Gullia, taxied his plane to Butler Aviation so that it could be parked and tied down. He locked the plane, retained his key and sent another key to a person who planned to use the plane for business purposes. No key is necessary, however, to operate this model aircraft. The keys Gullia retained opened the door locks and baggage compartments.

Gullia was a visitor to the area and did not store his plane at Butler Aviation on a regular basis. Pursuant to Butler's procedure, Gullia completed a registration card indicating that he was the owner of the aircraft and giving his local address and intended length of stay. The plane was then logged on Butler's daily arrival sheet. A Butler employee towed the plane to a parking area and tied it down.

The Palm Beach County Department of Airports maintains a fence around the airport perimeter. Other than the fence, each fixed based operator is responsible for providing security for its facilities. Butler controlled its area by stationing a security guard at its access gate and a dispatcher at a service counter at the other entrance. Another Butler employee checked nightly to see which aircraft were in the parking area.

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

The day after his arrival Gullia returned to Butler Aviation. He stowed his flight case in the wing locker and relocked the plane. He did not move the aircraft.

A little more than a week after Gullia's arrival in Palm Beach an unknown person entered Butler's lot, paid the parking and refueling charges, and absconded with the plane. Puritan Insurance Company paid Gullia for his loss and now seeks to recover from Butler, alleging that Butler's negligence caused the theft. The district judge determined as a matter of law that a bailment relationship existed between Gullia and Butler, and the jury then found for Puritan. We affirm.

■ On appeal Butler argues that the district court erred in holding that a bailment existed, and alternatively that the jury instructions were erroneous. Under Florida law a bailment requires complete delivery of possession, custody and control of the chattel. *Blum v. Merrill Stevens Dry Dock Co.*, 409 So.2d 192 (Fla.Dist.Ct.App. 1982). Butler contends that in light of the circumstances surrounding the storage of the plane, specifically Gullia's retention of the key, there was not a complete delivery. We disagree. The facts that we have set out—a fenced area, control of the access gate, a dispatcher on duty, registration procedures, placement and tying down of the plane by Butler, and a nightly check—indicate that Butler had control over the aircraft and was properly considered a bailee. *See Palm Beach Aviation, Inc. v. Kibildis*, 423 So.2d 1011 (Fla.Dist.Ct.App.1982); *Empire Tool Co. v. Wells*, 227 So.2d 76 (Fla. Dist.Ct.App.1969). Although Gullia retained his key (and sent another to a third party) practical control remained with Butler. Other jurisdictions have held that no bailment exists where the owner retains the keys to the plane. *See Balcar v. Aircrafters, Inc.*, 360 A.2d 155 (Del.Super.1976); *Nelson v. Schroeder Aerosports, Inc.*, 280 N.W.2d 107 (S.D.1979). The Florida courts, however, have not indicated that they would consider retention of the key to be the dispositive factor. The district court did not err in finding a bailment existed.

■ Butler also objects to the following jury instruction:

The burden is on the defendant to show that it exercised the requisite degree of care. A bailee is not an insurer for the property bailed and without fault on his part he is not liable for the loss of the property bailed. Thus where the palintiff [sic] has delivered its property in a bailment relation with another, and that property is not redelivered upon the demand of the plaintiff, then unless the defendant can show it has exercised the degree of care required by the nature of the bailment, your verdict should be for the plaintiff.

Thus the defendant must show that it was not negligent.

Relying on *Insurance Co. v. Estate of Guzman*, 421 So.2d 597 (Fla.App.1982), Butler argues that this instruction is contrary to Florida law because it places upon the bailee the burden of proving freedom from negligence.[1] Butler did not object specifically to this instruction or submit an alternate instruction. Absent plain error, we cannot consider an objection to a jury instruction not made at trial. *Johnson v. Bryant*, 671 F.2d 1276 (11th Cir.1982). Given the confusion in the Florida courts *compare Guzman*, 421 So.2d 597, *with Clermont Marine Sales, Inc. v. Harmon*, 347 So.2d 839 (Fla.Dist.Ct.App.1977), and the fact that the jury was also instructed that the burden is on the plaintiff to prove every element of his claim, we decline to find plain error. *See G.A. Thompson & Co. v. Partridge*, 636 F.2d 945 (5th Cir.1981).

AFFIRMED.

---

1. *Guzman* was decided several months after the trial of this case. Its holding was, however, supported by language in *Reserve Ins. Co. v. Gulf Fla. Terminal Co.*, 386 So.2d 550 (Fla. 1980). Thus, Butler had the ingredients available to confect an alternate instruction. Because Butler did not object, we need not decide whether *Guzman* correctly interpreted the Florida Supreme Court's opinion or whether *Guzman* should be applied retroactively.