## STATE OF FLORIDA v. ASPRINIO
### Case No. 84.02-AP
Seventh Judicial Circuit, Flagler County
January 7, 1985

### APPEARANCES OF COUNSEL

**Stephen M. Nelson**, Assistant State Attorney, for appellant.
**Larry Mary Polsky** for appellee.

### OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

The State of Florida appeals an order of the trial court granting the appellee's motion to dismiss and dismissing with prejudice the charges of Driving While Under the Influence of Alcoholic Beverages, Barbituates or other Stimulants and Driving While License is Suspended or Revoked.

It is apparent from the record below that the appellee sought to have the trial court dismiss the charges on the basis of a purported C-4 motion to dismiss and the fact that no traverse was filed by the State. It is equally apparent that the trial court ruled on the appellee's motion

and granted the relief requested on the basis that it was a proper motion pursuant to Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure.

This court finds several defects in the motion upon which the trial court granted a dismissal of the charges. A C-4 motion to dismiss is legally insufficient, regardless of whether or not a traverse has been filed, where it fails to allege that the material facts are disputed, fails to describe specifically the undisputed material facts, or fails to show that the undisputed material facts are not sufficient to establish a prima facie case of guilt. *State v. Sedlmayer*, 375 So.2d 887 (Fla. 3rd DCA 1979); *State v. Huggins*, 368 So.2d 119 (Fla. 1st DCA 1969). The specific facts alleged in the motion must be sworn to by the defendant. Fla. R. Crim. P. 3.190(c)(4).

The appellee's motion failed to make any allegation whatsoever that the material facts of the case were undisputed or to allege that the undisputed material facts do not establish a prima facie case against the defendant. Rather, the appellee merely states that his motion is made pursuant to Rule 3.190(d) and Rule. 3.190(h) for "good and sufficient reasons." The omission of this allegation is fatal to the motion.

The appellee's motion also fails to adequately describe the undisputed material "facts". The motion primarily contains speculative and conclusory allegations not allegations of fact. Such allegations are not determinative of the issues raised in a C-4 motion regardless of a traverse. *See, Kassel v. State*, 382 So.2d 1354 (Fla. 4th DCA), *pet. for rev. denied*, 388 So.2d 1114 (fla. 1980); *State v. Smith*, 348 So.2d 637 (Fla. 2d DCA 1977). Admittedly there are some factual allegations regarding the drivers license offense that might allow the appellee to prevail on a dismissal of that count; however the other defects in the motion discussed herein precludes such relief.

Lastly, the appellee's motion fails because it was not properly sworn to. The motion itself contains no oath. The unsworn motion was certified by the defendant's counsel to have been mailed to the clerk of court and to State on November 8, 1983. The appellee then filed an affidavit dated November 9, 1984, with the clerk on November 9, 1984. In the affidavit the defendant swore "[t]hat I have read all the allegations contained in my Motion to Dismiss/Suppress and all of said allegations are true and correct to the best of my own personal knowledge and belief." The affidavit was not attached to or incorporated into or referred to in the motion. This court reads Rule 3.190(c)(4) to require that the motion itself must be sworn to by the

131

defendant or the motion must make reference to an attached oath incorporated into the motion. In this case the motion itself contained no oath nor was an oath of the defendant attached to and incorporated into the motion.

The oath is also defective because it is not the type of unqualified oath which would subject the defendant to penalties of perjury if it was false. This is exactly the type of oath disapproved of by at least one appellate court. *State v. Moore*, 423 So.2d 1011 (Fla. 4th DCA 1982); *See also, State v. Upton*, 392 So.2d 1013 (Fla. 5th DCA 1981).

For the reasons expressed, the trial court's order granting the appellee's motion to dismiss is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.