## CITY OF POMPANO BEACH v TWOMEY

Case No. 85-0076 AC

Seventeenth Judicial Circuit, Broward County

August 8, 1986

### APPEARANCES OF COUNSEL

**Philip J. Montante, Jr.** for appellant.

**Billie Tarnove** for appellee.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

Appellant seeks review of the granting by the County Court of Appellee's Motion to Dismiss. This court has jurisdiction pursuant to Article V of the Constitution of the State of Florida.

Responding to an anonymous report that there was a suspicious automobile, possibly occupied, parked in a parking lot of an apartment

complex, Pompano Beach police officer Wayne A. Price arrived at the scene, for the purpose of an investigation, at approximately 6:00 A.M. on March 22, 1985. When he looked into the vehicle in question, Officer Price observed Appellee to be inside, apparently sleeping. The motor of the vehicle was off but the lights were on.

Officer Price managed to awaken Appellee by knocking on the window several times. After first asserting that he was unable to lock the door of the car in response to the request of Officer Price, Appellee finally cooperated and exited the vehicle. The odor of alcohol emanating from the person of the Appellee and from the interior of the vehicle was strong. Officer Price observed several empty beer cans on the floor of the vehicle (the record does not indicate where the keys to the vehicle were located).

The Appellee's willingness to cooperate apparently evaporated as quickly as the odor of the impurities normally associated with alcoholic beverages wafted from on and about his person. Appellee refused to give his name to Officer Price and attempted to leave. Officer Price then advised Appellee he was under arrest (for what is not made entirely clear in the record by either counsel). As was predictable, Appellee didn't take too kindly to the idea of being put under police restraint for any reason whatsoever; he began to struggle when Officer Price attempted to handcuff him. During the physical altercation, according to Appellant, Office Price, ". . . was forced to take the Appellee to the ground in order to handcuff him." (A nice euphemism if ever the Court saw one!) Ultimately, the force of law prevailed over the Appellee's feeble attempts at self help (a time honored concept when one lives according to the "Code of the Hills" but not much appreciated in modern, urban society) and he was taken into custody.

At the time of his booking, which occurred at 6:15 A.M., Appellee was accused of violating three municipal ordinances of the City of Pompano Beach, viz. Section 133.11, Public Intoxication; Section 132.24, Sleeping in Vehicle; Section 132.21 Resisting Arrest Without Violence. On March 28,1985, Appellant's counsel, acting as city prosecutor in County Court, filed a document entitled "Municipal Information" charging Appellee with the commission of acts which allegedly violated the aforesaid municipal ordinances.

In due course of events, Appellee was arraigned and, on July 2, 1985, and July 8, 1985, respectively, the clerk of the court below received a Motion to Discharge and a Motion to Dismiss; the former document was predicated upon an alleged violation of the speedy trial rule as it then existed and the latter is set out below. Appellant's

150

response to the Motion to Dismiss filed by Appellee was delivered to the clerk below on August 6, 1985. On August 8, 1985, the trial judge entered an order granting Appellee's Motion to Dismiss.

An orderly review of the problems presented to this Court, sitting in its appellate capacity, requires that Appellee's Motion to Dismiss be set out *in haec verbae* with the formal portions thereof omitted:

### Defendant's Motion to Dismiss

Defendant, BRIAN T. TWOMEY, moves this Honorable Court to dismiss the charges against him and in support thereof states the following:

1. On March 22, 1985, a Complaint was filed against Defendant under Municipal Ordinance 132.24 for sleeping in a vehicle.

2. On August 8, 1984, the Fourth District Court of Appeal in *City of Pompano Beach vs. Capalbo*, 455 So. 2d 468 (1984), found this ordinance to be unconstitutionally vague and overbroad.

3. In so ruling, the appellate court ruled that the ordinance placed too much discretion in the police officer whether or not to arrest one asleep in a motor vehicle on a public street or way or in a parking lot. It further stated that the "ordinance criminalizes conduct which is beyond the reach of the city's police power inasmuch as (1) conduct (sic) 'in no way impinges on the rights or interests of others.' " *City of Pompano Beach* at p. 470.

4. This case is exactly an example of the criminalizing of conduct that in no way impinges on (sic) the rights or interests of others. Defendant was asleep in a vehicle in a parking space in front of his home. The parking space was a private space of the development in which he resides. The vehicle belonged to a member of the household in which he lives.

5. Further, Defendant was charged with inconsistent charges, specifically: sleeping in a vehicle and being intoxicated in violation of Municipal Ordinance 133.11(b) and sleeping in a vehicle in violation of Municipal Ordinance 132.24. A review of the elements of both statutes indicates that Defendant could not have been in violation of both ordinances at the same time.

6. *Fla. Stat.* Section 901.17 provides that a peace officer making an arrest without a warrant shall inform the person to be arrested of his authority and the cause of arrest except when the person flees or forcibly resists before the officer has an opportunity to inform him or when giving the information will imperil the arrest. At no time,

**151**

despite Defendant's repeated requests, did any of the peace officers involved inform Defendant of what (sic) he was being arrested.

7. This, taken with the fact that Defendant was then charged with an unconstitutional municipal ordinance, negates the charge of resisting arrest without violence under Municipal Ordinance 132.21.

8. Every person has a right to resist an unlawful arrest and may use such reasonable force, proportioned to the injury attempted upon him, as is necessary to effect his escape. See *Lee v. State*, 368 So.2d 395 (1st DCA 1978); *Burgess v. State*, 313 So.2d 479 (1975).

9. Defendant has the right to resist this unlawful arrest, unlawful in two respects: a) The peace officers failed to inform him of the nature of his offense and b) his arrest was for an unconstitutional municipal ordinance.

WHEREFORE, Defendant moves this Court to dismiss the charges against him for the foregoing reasons and such other relief as the Court may deem necessary and proper.

/s/ *Brian T. Twomey*

BEFORE ME, the undersigned authority came BRIAN T. TWOMEY, who being duly sworn, deposes and says that he has read the foregoing pleading and the allegations contained therein are true and correct to his best knowledge and belief.

/s/ *NOTARY PUBLIC*
State of Florida

My Commission Expires: 12-14-87

The *written* response of the Appellant to the Motion to Dismiss (which is all that Appellant chose to submit to this court by way of the Record on Appeal), *in haec verbae*, formal parts omitted, reads as follows:

COMES NOW the undersigned prosecuting attorney, pursuant to Rule 3.190 of the Florida Rules of Criminal Procedure, and hereby files its Traverse and/or Demurrer pursuant to the above captioned rule and would state as grounds as follows:

1. Rule 3.190(d) states in part as follows:

"The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under (c)(4) of this rule shall be denied if the State files a traverse

which with specificity denies under *oath the material fact or facts alleged in the motion to dismiss. . . . . . ." (emphasis in original)*

2. Upon examination of Defendant's Motion to Dismiss, matters of law, as opposed to matters of fact, are for the most part, alleged.

3. Further, as to each and every fact, the City of Pompano Beach specifically denied (sic) the facts aserted (sic) by the Defendant as worded and/or stated and or (sic) drafted in their present context.

WHEREFORE, the City of Pompano Beach (sic) Traversed and/ or Demurred and denied Defendant's Motion to Dismiss, respectfully requests this Honorable Court enter an Order denying same.

I HEREBY CERTIFY that a copy of the foregoing was mailed this *5th* day of August, 1985, to BILLIE TARNOVE, ESQUIRE, 1815 East Commercial Boulevard, Suite 105, Fort Lauderdale, Florida 33308.

/s/ *Philip J. Montante, Jr.*

(Sworn statement attached)

STATE OF FLORIDA:  SS:

COUNTY OF BROWARD:

BEFORE ME, the undersigned authority, came Officer Wayne Price, who being duly sworn, deposes and says that he has read the foregoing and it is true and correct to the best of his knowledge.

/s/ *Wayne Price*

SWORN TO AND SUBSCRIBED before me this *5th* day of August, 1985.

/s/ *Notary Public*

My commission expires:

(illegible)

## SUFFICIENCY OF THE RECORD ON APPEAL

It is fundamental that appellate review is confined to the record on appeal. *Suiero v. State*, 248 So. 2d 219 (Fla. 4th DCA 1971); *McCarthy v. State*, 417 So. 2d 1153 (Fla. 4th DCA 1982); *State v. Barber*, 301 So. 2d 7 (Fla. 1974). Appellant, in both its initial and reply briefs, refers this court to matters that allegedly occurred before the court below—matters upon which it places great reliance for the justiciability of its position on appeal—but no effort was made to include any documentation (such as a transcript of the court reporter's notes) upon which this court could rely. That a court reporter was present when

oral arguments were made to the trial judge is clearly reflected by Appellant having attached two pages of transcript to its reply brief without having first obtained permission of this court or the trial court.

Appellee asserts in his brief that the trial judge ". . . orally granted Appellee's Motion to Dismiss. . . ." (Brief of Appellee p. 2). That such issue was sharply contested is emphasized by the fact that Appellant discussed its response to Appellee's motion in its initial brief as well as its Reply Brief (Appellee's Initial Brief p. 1; Appellant's Reply Brief p. 1).

It appears to this Court that Appellee was aware of the cases cited above for in the opening lines of the Statement of Fact are found the words:

"Despite the recitations made in Appellant's Statement of Facts, the record on appeal is limited to the following: . . ."

Appellee then proceeds to summarize that which is actually found in the Record on Appeal as prepared by the clerk of the court below, except for a reference to the trial judge "orally" granting the motion to dismiss. Appellee made no request to supplement the Record on Appeal.

The failure of Appellant to obtain permission from this court or the trial court to append to its brief a copy of an asserted deficient notice of hearing filed by Appellee below, a deficiency argued by Appellant as an additional reason for reversal, is another example of unacceptable conduct.

Only because this Court is of the opinion that this matter must be returned to the court below for the reasons hereinafter set forth, no disciplinary action is to now be taken for the poor quality of the record on appeal. This admonition should serve as sufficient warning that appellate courts cannot tolerate markedly deficient conduct of counsel in any matter. See Second District Court of Appeal, 11 FLW 1401 (6/18/86); *Ours v. Ours*, 11 FLW 1369 (Fla. 1st DCA 6/18/86).

### SUFFICIENCY OF APPELLEE'S MOTION TO DISMISS

As submitted to the court below, Appellee's Motion to Dismiss is facially deficient *as a Sworn Motion to Dismiss* submitted pursuant to the authority of F.R.Cr.P. 3.190(c)(4). A (c)(4) motion to dismiss must allege, with specificity, the undisputed facts upon which reliance is placed. *Ellis v. State*, 346 So. 2d 1044 (Fla. 1st DCA 1977); *Kassell v. State*, 382 So.2d 1354 (Fla. 4th DCA 1980). In the instant case, the contents of paragraphs 1, 2 and 3 are statements of facts but the remaining paragraphs of the Motion to Dismiss contain mixed state-

154

ments of fact and law and, therefore, are unacceptable. The proper modality for submitting to a court one's analysis of how the facts at hand are governed by applicable law is through the medium of a memorandum of law attached to the motion or by invitation from the court at oral argument.

Appellee's Motion to Dismiss also suffers from a deficient attestation by the accused. The jurat appended to a Sworn Motion to Dismiss must be so clear and precise that the affiant will be subject to prosecution for perjury should the factual statements therein contained be determined to be untrue. *State v. Upton*, 392 So. 2d 1013 (Fla. 5th DCA 1981); *Moor v. State*, 423 So.2d 1010 (Fla. 4th DCA 1982). The inclusion within the wording of the jurat of a sworn motion to dismiss of the phrase ". . . to his best knowledge and belief . . . ." is fatal in every instance. See *Upton* and *Moor*, both *supra*. Appellee's equitable argument that the jurat utilized by him is in the same form as utilized by Appellant has been previously resolved against him in *Patlon v. State*, 443 So.2d 346 (Fla. 2d DCA 1983).

When viewed as no more than a sworn motion to dismiss contemplated by F.R.Cr.P. 3.190(c)(4), Appellee's motion is facially deficient and should have been denied; there is, however, more to the issue than this simplistic answer as is discussed elsewhere in this opinion.

### SUFFICIENCY OF APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO DISMISS

Appellant, in its Reply Brief, asserts that it orally traversed Appellee's Motion to Dismiss. Appellant elected not to include in the Record on Appeal either the transcript of the events that transpired before the lower court at the hearing on the Motion to Dismiss or a stipulation prepared pursuant to F.R.App.P. 9.200(a)(3), thereby precluding this Court from making a critical analysis of the content of the alleged oral traverse. For such oral traverse to be legally acceptable, it must be of the same quality as that required of a written traverse. *State v. Higgins*, 437 So. 2d 180 (Fla. 4th DCA 1983) cert. den. *Higgins v. State*, 450 So.2d 486 (Fla. 1984). For the reasons stated, Appellant's claim of oral traverse is rejected herein.

The written response to Appellee's Motion to Dismiss is a disgrace and should never have been filed. The exact language of F.R.Cr.P. 3.190(c)(4) is that:

"Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the *State*." (emphasis added)

In the case now before the court, counsel for Appellant, for no

**155**

legitimate reason that appears in the Record on Appeal or in case law, required Officer Price, the arresting officer, to sign the attestation clause of Appellant's response. Under F.R.Cr.P. 3.190(d), the traverse or demurrer which the state files in opposition to a motion to dismiss need not be based upon the personal knowledge on the part of the state or shored up by the affidavit of the victim. *State v. Hamlin*, 306 So.2d 150 (Fla. 4th DCA 1975); *Ellis v. State*, 346 So.2d 1044 (Fla. 1st DCA 1977). The signature of counsel for Appellant upon the pleading now being analyzed accomplished nothing more than a certification that a copy of such response had been mailed to counsel for Appellee.

Under the authorization of F.R.Cr.P. 3.190(d), when confronted with a motion to dismiss which alleges factual matters, either a traverse or a demurrer may be filed. As defined by Ballentine' Law Dictionary, a "demurrer" is a method of raising an objection to the *sufficiency in law* of a pleading. A "traverse", as defined by the same book, when used as a verb, means to *contest or deny an allegation*; when used as a noun, it means a *denial of the facts alleged* in the pleading to which it is directed.

Before the adoption of the present rules of pleading, a general demurrer was a common method of attacking the legal sufficiency of a pleading. Under modern rules of pleading, that which was formally raised by demurrer is now brought to the court's attention through the use of a specific motion addressing the specific issue. Notwithstanding such abolition however, many of the principles relating to demurrers are still applicable to motions now filed in lieu thereof. 40 Am. Jr. 2d 227, Pleadings Section 168 et. seq.

It appears, therefore, that the Florida Supreme Court, when it adopted the language of F.R.Cr.P. 3.190(d), intended that the word "or" was to be utilized in its disjunctive sense thereby lending credence to the conclusions of this court that a traverse and a demurrer are entirely different documents and cannot be confused in one pleading as was done by Appellant in this case.

Since Appellant chose to file a document that was neutered at its conception, it is necessary for this Court to try and discern just what it is that Appellant was trying to tell the court below.

The only portion of Appellant's written document that seems to make any response to Appellee's Motion to Dismiss is paragraph number three which reads, in its entirety:

"Further, as to each and every fact, the City of Pompano Beach specifically denies the facts ascerted (sic) by the Defendant as worded and/or stated and or (sic) drafted in their present context."

156

It appears that Appellant's position is that if Appellee had stated the facts in a different manner Appellant *might* have given a different response thereto. Or it might be concluded that Appellant is stating that no matter what Appellee alleges by way of factual data, Appellant would have filed a denial. If Appellant intended to deny everything, including the existence of the decisions of the Fourth District Court of Appeal and the Florida Supreme Court in *Capalbo, supra,* then the response would have been subject to a motion to strike for containing false information. Alternatively, the party who appended a signature to such a response would have been subject to disciplinary action by the presiding judge.

Although the appellate courts seem to grant great latitude to a prosecuting authority insofar as the contents of a traverse is concerned, it is still necessary that the accused be apprised of the specific portions of the motion to dismiss which are denied. *State v. Wall,* 445 So.2d 646 (Fla. 2d DCA 1984). It is acceptable for the prosecutor to state, simply, that it denies ". . . that the material facts as presented in the defendant's Sworn Motion to Dismiss are the only facts upon which the state would rely during the state's case in chief." *State v. Blanco,* 432 So.2d 633 (Fla. 3d DCA 1983). However, a response which denies only the conclusions of law set forth in a motion to dismiss without denying the facts alleged is insufficient as a matter of law. *Fox v. State,* 384 So.2d 226 (Fla. 3d DCA 1980).

Mr. Montante, as the prosecutor designated by the City of Pompano Beach to prosecute cases in its name in County Court, is charged with the concomitant responsibility of knowing the law, especially upon fundamental points. In 1977, F.R.Cr.P. 3.190(d) was amended to add the words "with specificity" to resolve any ambiguity as to the requirements applicable to the pleading filed by Appellant in this case. The current version of F.R.Cr.P. 3.190(d) contains the words "specifically denied". As is set forth in the Committee Note following F.R.Cr.P. 3.190, "(t)he amendment clearly now requires a specific traverse to specific material fact or facts."

The pusillanimous language utilized by Mr. Montante in the written response filed on behalf of Appellant is a classic example of obfuscation and circumlocution and was properly disregarded by the court below. Whether viewed as a response pursuant to F.R.Cr.P. 3.190(d) or as a response to a Motion to Dismiss addressed to the jurisdiction of the trial court, the trial judge, in reality, had no valid pleading before it that set forth the position of the Appellant.

**157**

## ALTERNATIVE TREATMENT OF APPELLEE'S MOTION TO DISMISS MUNICIPAL ORDINANCE 132.24

Florida Appellate Rule 9.040(a) authorizes an appellate court to exercise such jurisdiction as may be necessary for complete determination of a cause. Based upon such grant of authority, this Court has examined Appellee's Motion to Dismiss in the context of an attack upon the jurisdiction of the trial court to hear and resolve in an orderly manner the merits of the cause.

Because Pompano Beach Municipal Ordinance 132.24 (Sleeping in a Motor Vehicle) had been declared unconstitutional prior to the time of Appellee's arrest, this court is of the opinion that the trial court was correct in granting the Motion to Dismiss as to this charge.

## MUNICIPAL ORDINANCE 132.21 and 133.11 B

No citation of authority is necessary for the proposition that an automobile is a place within the protection of the Fourth Amendment of the United States Constitution and Article I, Section 12 of the Florida Constitution. It is equally well established, thereby obviating the need for citation of authority, that the open and· exposed parking lot of a multiple family dwelling structure is a public place. The fact that Appellee was found within the confines of a protected area in a public place in an unconscious condition is the catalyst for the serious issues in this case that require full litigation.

Upon proper motion, hearing and, perhaps, trial before the court below, the parties must now address the thorny issues raised by the juxtaposition of the protected area to the public place. It will, also, be necessary to resolve the proposition of mutual exclusivity—as a matter of fact or law, as the case may be—of whether one can be intoxicated while asleep as the term intoxication is used in the Pompano Beach Municipal Code.

Of equal importance, the parties hereto must litigate below the propriety of any resistance that may have been offered by Appellee to the assertion of authority by Officer Price. Appellee is quite right that one may resist without violence an unlawful arrest. The common law rule that permits one to resist an illegal arrest was not overruled by F.S. 776.051, so long as the resistance is without resort to the use of force. *Marshall v. State*, 354 So. 2d 107 (Fla. 2d DCA 1978) cert. den. 89 S. Ct. 2270 (1978); *Dean v. State*, 466 So.2d 1216 (Fla. 4th DCA 1985). The foregoing notwithstanding, as argued by Appellant in its Reply Brief, the proper forum to determine whether an accused has been illegally arrested is in a courtroom, not in the streets. Trial by

158

combat is not acceptable as a means of settling differences of opinion within the context of a civilized society. *Rosenberg v. State*, 264 So.2d 68 (Fla. 4th DCA 1972).

These very important issues of fact could not be resolved upon a motion to dismiss, even if in proper format. The issues suggested in this section of this opinion are merely suggestions of that which must be placed of record before the court below reaches the ultimate issue of the sufficiency of the evidence to prove the guilt of Appellee beyond and to the exclusion of every reasonable doubt. Because of the need for litigation and findings of fact by the trial court, the entry of a summary order of dismissal was error and must be reversed as to Municipal Ordinances 132.21 and 133.11B.

## CONDUCT OF MUNICIPAL PROSECUTOR PHILIP J. MONTANTE, JR.

When Officer Price was required by counsel for Appellant, Mr. Montante, to execute the attestation clause on August 5, 1985, Mr. Montante had actual knowledge that the Florida Supreme Court, on January 17, 1985, had refused to review the decision of the Fourth District Court of Appeal. *City of Pompano Beach v. Capalbo*, 461 So.2d 113. Thus, at least according to the highest appellate court in this state, Pompano Beach Municipal Ordinance 132.24 was invalid as a matter of fact at the time of Appellee's arrest. Regardless of his feelings concerning the propriety of the decision of the Fourth District Court of Appeal and the Florida Supreme Court, counsel for Appellant was bound by the Code of Professional Responsibility governing attorneys in this state to admit the existence of such opinions *as well as the fact that no person could be legally arrested and prosecuted thereunder*. It is the opinion of this Court that Mr. Montante's execution of the "Municipal Information" on March 28, 1985, was highly improper, if not illegal and unethical, for he swore that the prosecution for violating Ordinance #132.24 was instituted in good faith. How can there be good faith when he knew the ordinance had been declared unconstitutional?

The failure of Appellant's counsel to submit even a vestige of an argument that the *Capalbo* decision, *supra*, was not applicable to the issues now before this court leads only to the conclusion that such counsel was either negligent (if there exists such an argument) or in violation of one or more canons of the Code of Professional Responsibility (if no such argument exists). In either case, the justification for such conduct escapes this Court. Canon 1 (a lawyer should assist in maintaining the integrity and competence of the legal profession);

**159**

Canon 5 (a lawyer should exercise independent professional judgment on behalf of a client); Canon 7 (a lawyer should represent a client zealously within the bounds of the law); Canon 9 (a lawyer should avoid even the appearance of professional impropriety).

Note is to be taken, at this juncture, that the United States Supreme Court refused to accept the matter for review on October 17, 1985, (106 S.Ct. 80) and Petition for Rehearing was denied on November 18, 1985, (106 S.Ct. 418). The Notice of Appeal in the instant case was filed August 27, 1985, and all briefs were completed and before this court on November 21, 1985. Mr. Montante at no time advised this court of the action of the United States Supreme Court even though he represented Appellant throughout all judicial proceedings!

As regards the issues discussed in this section of this opinion, a copy hereof has been forwarded to The Florida Bar for its consideration as to whether or not disciplinary action should be instituted against Mr. Montante.

## CONCLUSION

For the reasons enunciated herein, the judgment of the court below is AFFIRMED as to the dismissal of the charges made pursuant to Pompano Beach Municipal Code Section 132.24 and REVERSED as to the summary dismissal of the charges predicated upon an alleged violation of Pompano Beach Municipal Ordinances Section 132.21 and Section 133.11.

This matter is remanded to the court below for further proceedings not inconsistent herewith.

DONE and ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida, this 8th day of August, 1986.