PER CURIAM.
The order under review granted defendants’ untraversed sworn motion to dismiss, on grounds of prosecutorial/governmental misconduct,[1] the information charging *32 them with one count of trafficking in cocaine and one count of conspiracy to traffic in cocaine.
We affirm the dismissal order as to defendant Socarras upon a holding that the motion, which was properly sworn to by Socarras, established entrapment as a matter of law under the threshold objective test of Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985).[2] Marrero v. State, 493 So.2d 463 (Fla. 3d DCA 1985), review denied, 488 So.2d 831 (Fla.1986).
With respect to defendant Cabrera, however, we find that the order of dismissal was improperly entered because the motion as to this defendant was procedurally defective. Cabrera’s oath stated merely that the facts alleged in the motion were “true and correct to the best of his knowledge, information and belief.” (Emphasis supplied.) The provision in Rule 3.190(c)(4) that the motion must be sworn to requires the declarant to attest that the facts alleged are true, to his own knowledge, not that he believes they are true because someone else has told him so. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); see State v. Fordham, 465 So.2d 580, 581 (Fla. 5th DCA 1985) (oath of accused must be based upon his own knowledge of the facts and not “upon information and belief”); State v. Moore, 423 So.2d 1010, 1011 (Fla. 4th DCA 1982) (opining, in dicta, that defendant’s declaration the motion was “true and correct to the best of his knowledge and belief” did not meet the rule’s requirement of a sworn motion and the defendant should have been required to attest to its truth, unqualifiedly) (e.s.); State v. Martin, 422 So.2d 12 (Fla. 2d DCA 1982) (noting that motion must be sworn to by one having direct knowledge of the facts asserted therein). Accordingly, we reverse the order of dismissal as to the charges against defendant Cabrera, and remand the cause for further proceedings.
Affirmed in part; reversed in part and remanded.

. The motion was filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) which states:
There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.
*32 It was alleged in the motion that the actions of the government’s confidential informant "constituted entrapment as a matter of law requiring dismissal_ Cruz v. State, 465 So.2d 516 (Fla. 1985)."

. The threshold objective test of an entrapment defense propounded by the court in Cruz states: “Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.” Id. at 522.