PER CURIAM.
The state appeals from a non-final order granting the defendant’s sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4) and denying the state’s motion to strike the defendant’s motion. It is the state’s contention that the motion to dismiss should have been stricken as procedurally defective because the jurat contained in the motion[1] failed to expose the defendant to the penalties of perjury. We cannot agree. Nor are we persuaded by the state’s reliance upon State v. Socarras, 502 So.2d 31 (Fla. 3d DCA 1987). Socarras is distinguishable from. the case at bar since the defendant’s oath which was found to be defective in Socarras stated that the facts alleged in the motion were “true and correct to the best of his knowledge, information and belief.” (Emphasis in original.) In the instant case, however, the jurat clearly rested upon the defendant’s own knowledge of the facts recited in the motion, therefore the motion was properly sworn, to in accordance with Fla.R.Crim.P. 3.190(c)(4). See Socarras, 502 So.2d at 32, and cases cited.
We also reject the state’s fail-back argument that the motion should have been denied because the state had filed a traverse. The record reflects that the traverse was not timely filed in accordance with the rule “a reasonable time before the hearing on the motion to dismiss,” Fla.R. Crim.P. 3.190(d), but rather, was filed with the court after the commencement of the hearing on the motion to dismiss.
Affirmed.

. The jurat or oath signed by Rodriguez stated that he swore "that the facts contained in the foregoing Motion to Dismiss are true and correct to the best of his knowledge." (Emphasis supplied.)