# STATE OF FLORIDA v MORALES
## Case No. 88-246 AC (Lower Court Case No. 88-58834)
Eleventh Judicial Circuit, Dade County

May 16, 1990

### APPEARANCES OF COUNSEL

**Janet Reno, Esquire,** State Attorney and **Joan L. Greenberg, Esquire,** Assistant State Attorney, for appellant.

**Ernesto Medina, Esquire,** for appellee.

Before BLOOM, JONES, HENDERSON, JJ.

### OPINION OF THE COURT

JONES, J.

The trial court improperly granted appellee's sworn motion to dismiss because the motion failed to allege undisputed facts and was not sworn to in an unqualified manner pursuant to Rule 3.190(c)(4), Fla.R.Crim.P.

Pedro Morales, appellee, was charged with loitering and prowling in violation of Section 856.021, Fla. Stat. Morales was arrested at 5:00 a.m. in the vicinity of a shopping center where police had been

summoned because of an activated burglar alarm. In a sworn motion to dismiss, Morales alleges that he and his three male companions were standing next to their truck and moved to a less lighted area but that he did not take part in the exchange of a small package. The motion further alleges that the arresting officer could not recall Morales' reason for his presence in the vicinity nor whether his reason conflicted with the explanation given by his companions. The State of Florida ("State") filed a traverse and specifically denied allegations set forth in the motion to dismiss. The Trial court granted the sworn motion to dismiss and the State appeals.

In order to be legally sufficient, a sworn motion to dismiss must allege that "there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Fla.R.Crim.P. 3.190(c)(4). The State by specifically denying certain allegations, placed material issues of fact in dispute which was the burden it had to carry in order to quash the motion. *Ellis v State*, 346 So.2d 1044 (Fla. 1st DCA 1987).

Appellee's motion to dismiss was procedurally defective because the motion was not "sworn to" as that term is used in Rule 3.190(c)(4). Appellee declared that the motion was "true and correct to the best of his knowledge and belief." The provision in Rule 3.190 requires the declarant to attest that the facts alleged are true unqualifiedly. See *State v Upton*, 392 So.2d 1013 (Fla. 5th DCA 1981); *State v Moore*, 423 So.2d 1010, 1011 (Fla. 4th DCA 1982). The Third District has also followed this interpretation requiring the defendant to attest that the facts alleged are true to his own knowledge and not to his beliefs. See *State v Socarras*, 502 So.2d 31 (Fla. 3d DCA 1987). Accordingly, we reverse the order of dismissal as to the charges against Morales and remand the cause to trial.

REVERSED and REMANDED.

BLOOM and HENDERSON, JJ., concur.