523 So.2d 1141 (1988)
STATE of Florida, Petitioner,
v.
Carlos RODRIGUEZ, Respondent.
No. 70392.
Supreme Court of Florida.
April 21, 1988.
Robert A. Butterworth, Atty. Gen. and Steven T. Scott, Asst. Atty. Gen., Miami, for petitioner.
Michael S. Hacker, Miami, for respondent.
GRIMES, Justice.
Pursuant to Article V, section 3(b)(3) of the Florida Constitution, we accepted jurisdiction of this cause to resolve a conflict between our decision in Scott v. State, 464 So.2d 1171 (Fla. 1985), and that of the Third District Court of Appeal below in State v. Rodriguez, 505 So.2d 628 (Fla. 3d DCA 1987).
The facts are simple. Respondent was charged by information with burglary of a conveyance and theft. He filed, through his attorney, a pleading captioned "Sworn Motion to Dismiss," under Rule 3.190(c)(4), Florida Rules of Criminal Procedure. Our focus here is not on the merits of the motion, but on the jurat, which the rule requires. It read:
BEFORE me, the undersigned authority personally appeared, CARLOS MANUEL RODRIGUEZ, who by me first duly sworn, deposes and says the facts contained in the foregoing Motion To Dismiss are true and correct to the best of his knowledge.

(Emphasis supplied.)
The trial judge granted the motion to dismiss. On appeal, the state argued that the jurat was insufficient because of the words "to the best of his knowledge." In affirming the dismissal, the Third District Court of Appeal reasoned that the jurat "clearly rested upon the defendant's own knowledge of the facts recited in the motion."
In Scott this Court considered a jurat on a motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure, which read:
Before me, the undersigned authority, personally appeared Paul William Scott, who, being first duly sworn, says that he has personal knowledge of the allegations in the foregoing motion to vacate judgment and/or sentence and that the allegations and statements contained therein are true and correct to the best of his knowledge.
464 So.2d at 1172. Pointing out that the words "to the best of his knowledge" had been added to the standard oath (see the form in rule 3.987, Florida Rules of Criminal Procedure), the Court held the jurat to be procedurally defective. We said:
Using this qualifying language, a defendant could file a motion for post-conviction relief based upon a false allegation of fact without fear of conviction for perjury. If the allegation proved to be false, the defendant would be able to simply respond that his verification of the false *1142 allegation had been "to the best of his knowledge" and that he did not know that the allegation was false. We require more than that. The defendant must be able to affirmatively say that his allegation is true and correct.
464 So.2d at 1172.
Though this case involves a different rule of procedure, the purpose of the oath is the same: to prevent the filing of motions based on falsehoods or unverified allegations. Under the rationale of Scott, the oath contained in the motion to dismiss was, in effect, no oath at all, and thus defective.
We hereby quash the decision of the district court and remand this cause for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.