PER CURIAM.
The affidavit made a part of the defendant’s supplemental motion for relief, filed pursuant to Florida Rule of Criminal Procedure 3.850 reads:
AFFIDAVIT
I, Oladejo Iyiola being first duly sworn, depose and say I am the defendant, in the above-entitled case; that in support of my presence and ability to recollect the incidents with accuracy. I solemnly declare that the above stated allegations and occurrences are correct and true without any slightest doubt as per my exhibiting keen perception at the time of incident.
That I believe I am entitled to redress, fact-finding; and that the issues that I desire to present on appeal are as given above in the action entered on the 2nd day of October, 1986. SWORN AND SUBSCRIBED to before me on this 30th day of November 1987
/s/ Illegible NOTARY PUBLIC
The trial court correctly denied the supplemental motion because the affidavit was insufficient. In the first place, the defendant did not affix his signature to the affidavit. Secondly, the affidavit did not attest that the facts contained in the motion, as supplemented, were true and correct. The purpose of the oath adopted by Florida Rule of Criminal Procedure 3.987 is to discourage the practice of filing perjured and unfounded motions. State v. Rodriguez, 523 So.2d 1141 (Fla.1988); Scott v. State, 464 So.2d 1171 (Fla.1985).
The order dismissing the motion is denied without prejudice to the defendant’s right to timely file a properly sworn motion for collateral relief.
AFFIRMED.