GERSTEN, Judge.
The State appeals the granting of a motion to dismiss an information. We reverse and remand.
Appellee, Alberto Manuel Justo, was charged by information with conspiracy to traffic in cannabis and unlawful possession of cannabis. Appellee filed a motion to dismiss pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure, in which he set forth factual allegations in support of his motion. The State did not initially file a traverse, or otherwise object to the motion, and a hearing on the motion was scheduled.
At the hearing on the motion, the State objected to the motion as procedurally defective. One ground upon which the State alleged a defect was a defective jurat. Ap-pellee’s motion contained the following ju-rat:
Before me, the undersigned authority, personally appeared Alberto Manuel Jus-to who after being duly sworn deposes and states that he has read the foregoing statement of facts and that the same is true to the best of his knowledge and belief this 16th day of September, 1988.
Rule 3.190(c), Florida Rules of Criminal Procedure, states, in pertinent part:
However, the court may at any time entertain a motion to dismiss on any of the following grounds:-
[[Image here]]
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such a motion is based should be specifically alleged and the motion sworn to.
In such a motion, the defendant must be able to affirmatively assert that the allegations contained in the motion are true and correct. See Devine v. State, 504 So.2d 788 (Fla. 3d DCA 1987); State v. Socarras, 502 So.2d 31 (Fla.3d DCA 1987); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979).
The specific form of the jurat in a motion to dismiss pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure, was addressed in State v. Rodriguez, 523 So.2d 1141 (Fla.1988). In Rodriguez, the Florida Supreme Court found that a jurat, in which a defendant swore that the facts were true and correct “to the best of his knowledge,” was insufficient. Such an oath, the court reasoned, is “in effect, no oath at all.” Rodriguez, 523 So.2d at 1142. See also State v. Socarras, 502 So.2d at 32 (motion containing oath that facts were “true and correct to the best of his knowledge, information and belief” was procedurally defective).
Appellee argues that because the State sought additional time to file a traverse, after the defense offered to place appellee under oath in open court, the State abandoned its objection to the procedural deficiencies. Appellee claims, therefore, that the State waived the jurat’s invalidity. However, there is nothing in the record establishing that the State expressly waived this procedural requirement. Moreover, as previously stated, the State expressly objected to the motion as procedurally defective. Further, if we were to accept appellee’s argument and allow the implied waiver of such a fundamental requirement, it would vitiate the purpose of the oath: “to prevent the filing of falsehoods or unverified allegations.” Rodriguez, 523 So.2d at 1142.
Upon finding that the motion was procedurally invalid because of the defective jurat, the court should have gone no further and should have denied appellee’s motion to dismiss as presented. It should be noted that nothing precluded the court from granting appellee leave to amend the motion to include a proper jurat. Similarly, nothing precluded the court from permitting the State to file a traverse. The court did neither, but granted the motion.
Because of the foregoing, we find that the motion as filed was procedurally invalid and should have been denied. Accordingly, *895 we reverse and remand for further proceedings.
HUBBART, J., concurs.