CORRECTED OPINION

PER CURIAM.
This matter is before the Court for consideration of. out-of-cycle amendments to the Florida Rules of Criminal Procedure. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction[1] and adopt the amendments as proposed. .
The Criminal Procedure Rules Committee (Rules Committee) filed its report proposing amendments to Florida Rules of Criminal Procedure 3.800(a) (Correction, Reduction, and Modification of Sentences; Correction); 3.984 (Application for Criminal Indigent Status); 3.987 (Motion’ for Postconviction Relief); and 3.993 (Forms Related to Capital Postconviction Records Production). The Rules Committee also proposed new rule 3.9875 (Motion for Jail Credit). The Florida Bar Board of Governors unanimously approved the amendments.-
The majority of the proposals are in response to a request by the Court for the Rules Committee, with input from the Supreme Court Criminal Court - Steering Committee (Steering Committee), to review the issue of successive rule 3.800(a) motions and the postconviction procedure forms in light of. the Court’s decision in In re: Amendments to Florida Rules of Criminal Procedure & Florida Rules of Appellate Procedure, 132 So.3d 734 (Fla.2013). The Court specifically asked the Rules Committee to propose a rule amendment to rule 3.800(a) restricting such motions and propose corresponding amendments to the Florida Rules of Criminal Procedure forms for use in postconviction proceedings.
The Rules Committee published its proposals prior to filing them with the Court. The Rules Committee received-one comment from 'the Steering Committee, highlighting the differences between the Steering Committee’s recommendations and the Rules Committee’s proposals as published. The Rules Committee- did not- alter its proposals. The Court published the Rules Committee’s proposals for comment and received four comments addressing the proposals to amend rules 3.800(a) and 3.987, and to adopt 3.9875. The Rules Committee filed' a response to the comments, agreeing in part and revising some of its proposals accordingly.
*1170 Having considered the Rules Committee’s report, the comments, and the Rules Committee’s responses to the comments, we amend Florida Rules of Criminal Procedure 3.800, 3.984,. 3.987, and 3.993 as proposed. We also adopt new rule 3.9875 as proposed. We discuss the amendments to these rules below.[2]
Rule 3.800(a) (Correction, Reduction, and Modification of Sentences; Correction) is divided into four new subdivisions, as follows: (a)(1) (Generally); (a)(2) (Successive Motions); (a)(3) (Sexual Predator Designation); and (a)(4) (Appeals). Subdivision (a)(2)'(Successive Motions) is added to rule 3.800 and is modeled after the successive motions provision in rule 3.850(h)(2) (Motion to Vacate, Set Aside, or Correct Sentence; Successive Motions). Subdivision (a)(2) creates a process for addressing successive motions and details the documents that must accompany a court’s ruling dismissing a motion. Because illegal sentences may be corrected at any time, the amendments to, rule 3.800(a)(2) do not restrict the time for filing such a motion. Subdivision (a)(4) (Appeals) adds the phrase “or dismissing” to address the dismissal of successive motions. Finally, .the Court Commentary to rule 3.800 is amended by. the Court to explain that with respect to subdivision (a)(2), State v. McBride, 848 So.2d 287 (Fla.2003), still applies.
Rule 3.984 (Application for- Criminal Indigent' Status) is amended to remove the phrase “to the best of my knowledge” from the attestation clause at the end of the form. This, is consistent with case law that holds that the phrase renders, an oath insufficient. See, e.g., State v. Rodriguez, 523 So.2d 1141, 1142 (Fla.1988); Scott v. State, 464 So.2d 1171, 1172 (Fla.1985).
Rule 3.987 (Motion for. Postconviction Relief) is amended to conform the -form .to the Court’s amendments to rule 3.850 (Motion to Vacate,. Set Aside, or Correct Sentence) in In re: Amendments to Florida Rules of Criminal Procedure & Florida Rules of Appellate Procedure, 132 So.3d at 738. Instruction (1) in rule 3.987 is amended to require that the motion must be typewritten or legibly handwritten in blue or black ink, with one inch margins, and on white 8 1/2 by 11 inch paper, and shall not exceed fifty pages without leave of court upon a showing of good cause. Instruction (1) no longer requires that the motion be signed by the defendant and that the defendant use either the notarized or unnotarized oath at the end of the form; instead, rule 3.987 includes a new oath,- as well as a Certificate of Mailing, a Certificate of Service, and a .Certificate of an Accurate and Complete Translation." Rule 3.987 includes a new instruction (6), which pertains to claims of , newly discovered evidence; a new instruction (7), which provides that the motion must be submitted under oath and sets out what must be included in the oath; and instruction (8), which was former instruction (6) and provides that when the motion is complete, it must be mailed to the clerk of the court of the county where the sentence was imposed and adds the requirement “as stated in Florida Rule of Appellate Procedure 9.420 [Filing; Service of Copies; Computation of Time].”
New rule 3.9875 (Motion for Jail Credit) is the “Model Form for Use in Motions for Correction of Jail Credit Pursuant to Florida Rule of Criminal Procedure 3.801.” The form follows recently adopted rule 3.801 (Correction of Jail Credit). See In re Amends. to Fla. Rules of Crim. Pro. & Fla. Rules of App. Pro., 132 So.3d at 737.
Lastly, rule 3.993 is amended to require e-mail addresses throughout the rule to conform with Florida Rule of Judicial Ad *1171 ministration 2.516 (Service of. Pleadings and Documents).. .
Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The Court Commentary is offered for explanation only and is not adopted as an official part of the rule. The amendments shall take effect on January 1, 2016, at 12:01 a.m.
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
• CANADY, J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.

. See art. V, § 2(a), Fla. Const.

. Minor, technical changes to the rules are not elaborated upon.