# Supreme Court of Florida

_____

No. SC14-1530

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE.**

[October 29, 2015]
**<u>CORRECTED OPINION</u>**

PER CURIAM.

This matter is before the Court for consideration of out-of-cycle amendments to the Florida Rules of Criminal Procedure.  <u>See</u> Fla. R. Jud. Admin. 2.140(e).  We have jurisdiction[1] and adopt the amendments as proposed.

The Criminal Procedure Rules Committee (Rules Committee) filed its report proposing amendments to Florida Rules of Criminal Procedure 3.800(a) (Correction, Reduction, and Modification of Sentences; Correction); 3.984 (Application for Criminal Indigent Status); 3.987 (Motion for Postconviction Relief); and 3.993 (Forms Related to Capital Postconviction Records Production).

_____

1.  <u>See</u> art. V, § 2(a), Fla. Const.

The Rules Committee also proposed new rule 3.9875 (Motion for Jail Credit). The Florida Bar Board of Governors unanimously approved the amendments.

The majority of the proposals are in response to a request by the Court for the Rules Committee, with input from the Supreme Court Criminal Court Steering Committee (Steering Committee), to review the issue of successive rule 3.800(a) motions and the postconviction procedure forms in light of the Court's decision in In re: Amendments to Florida Rules of Criminal Procedure & Florida Rules of Appellate Procedure, 132 So. 3d 734 (Fla. 2013). The Court specifically asked the Rules Committee to propose a rule amendment to rule 3.800(a) restricting such motions and propose corresponding amendments to the Florida Rules of Criminal Procedure forms for use in postconviction proceedings.

The Rules Committee published its proposals prior to filing them with the Court. The Rules Committee received one comment from the Steering Committee, highlighting the differences between the Steering Committee's recommendations and the Rules Committee's proposals as published. The Rules Committee did not alter its proposals. The Court published the Rules Committee's proposals for comment and received four comments addressing the proposals to amend rules 3.800(a) and 3.987, and to adopt 3.9875. The Rules Committee filed a response to the comments, agreeing in part and revising some of its proposals accordingly.

Having considered the Rules Committee's report, the comments, and the Rules Committee's responses to the comments, we amend Florida Rules of Criminal Procedure 3.800, 3.984, 3.987, and 3.993 as proposed. We also adopt new rule 3.9875 as proposed. We discuss the amendments to these rules below.[2]

Rule 3.800(a) (Correction, Reduction, and Modification of Sentences; Correction) is divided into four new subdivisions, as follows: (a)(1) (Generally); (a)(2) (Successive Motions); (a)(3) (Sexual Predator Designation); and (a)(4) (Appeals). Subdivision (a)(2) (Successive Motions) is added to rule 3.800 and is modeled after the successive motions provision in rule 3.850(h)(2) (Motion to Vacate, Set Aside, or Correct Sentence; Successive Motions). Subdivision (a)(2) creates a process for addressing successive motions and details the documents that must accompany a court's ruling dismissing a motion. Because illegal sentences may be corrected at any time, the amendments to rule 3.800(a)(2) do not restrict the time for filing such a motion. Subdivision (a)(4) (Appeals) adds the phrase "or dismissing" to address the dismissal of successive motions. Finally, the Court Commentary to rule 3.800 is amended by the Court to explain that with respect to subdivision (a)(2), State v. McBride, 848 So. 2d 287 (Fla. 2003), still applies.

---

2. Minor, technical changes to the rules are not elaborated upon.

Rule 3.984 (Application for Criminal Indigent Status) is amended to remove the phrase "to the best of my knowledge" from the attestation clause at the end of the form. This is consistent with case law that holds that the phrase renders an oath insufficient. See, e.g., State v. Rodriguez, 523 So. 2d 1141, 1142 (Fla. 1988); Scott v. State, 464 So. 2d 1171, 1172 (Fla. 1985).

Rule 3.987 (Motion for Postconviction Relief) is amended to conform the form to the Court's amendments to rule 3.850 (Motion to Vacate, Set Aside, or Correct Sentence) in In re: Amendments to Florida Rules of Criminal Procedure & Florida Rules of Appellate Procedure, 132 So. 3d at 738. Instruction (1) in rule 3.987 is amended to require that the motion must be typewritten or legibly hand-written in blue or black ink, with one inch margins, and on white 8 1/2 by 11 inch paper, and shall not exceed fifty pages without leave of court upon a showing of good cause. Instruction (1) no longer requires that the motion be signed by the defendant and that the defendant use either the notarized or unnotarized oath at the end of the form; instead, rule 3.987 includes a new oath, as well as a Certificate of Mailing, a Certificate of Service, and a Certificate of an Accurate and Complete Translation. Rule 3.987 includes a new instruction (6), which pertains to claims of newly discovered evidence; a new instruction (7), which provides that the motion must be submitted under oath and sets out what must be included in the oath; and instruction (8), which was former instruction (6) and provides that when the

motion is complete, it must be mailed to the clerk of the court of the county where the sentence was imposed and adds the requirement "as stated in Florida Rule of Appellate Procedure 9.420 [Filing; Service of Copies; Computation of Time]."

New rule 3.9875 (Motion for Jail Credit) is the "Model Form for Use in Motions for Correction of Jail Credit Pursuant to Florida Rule of Criminal Procedure 3.801." The form follows recently adopted rule 3.801 (Correction of Jail Credit). See In re Amends. to Fla. Rules of Crim. Pro. & Fla. Rules of App. Pro., 132 So. 3d at 737.

Lastly, rule 3.993 is amended to require e-mail addresses throughout the rule to conform with Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents).

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The Court Commentary is offered for explanation only and is not adopted as an official part of the rule. The amendments shall take effect on January 1, 2016, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion, in which
POLSTON, J., concurs.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE
EFFECTIVE DATE OF THESE AMENDMENTS.

CANADY, J., concurring in part and dissenting in part.

I dissent from the majority's rejection of an additional change to new rule 3.800(a)(2) suggested by the Criminal Court Steering Committee. I would adopt the Steering Committee's suggestion that new rule 3.800(a)(2), which authorizes the dismissal of successive motions raising grounds for relief previously rejected on the merits, also include a provision for the dismissal of successive motions raising "new or different grounds" if "the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion."

I otherwise concur with the rule amendments adopted by the majority.

POLSTON, J., concurs.

Original Proceeding – Florida Rules of Criminal Procedure

Meredith Charbula, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida; Judge Samantha Lee Ward, Past Chair, Criminal Procedure Rules Committee, Tampa, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Judge Jay Paul Cohen, Chair, Criminal Court Steering Committee, Daytona Beach, Florida; Daryl Guildford, Blackwater River Correctional Facility, Milton, Florida; Chief Judge James T. McGrady, III, Sixth Judicial Circuit, Clearwater, Florida; B. Elaine New, Court Counsel, Sixth Judicial Circuit, Saint Petersburg, Florida; Luke Newman of Luke Newman, PA, Tallahassee, Florida; and William Rudolf Ponall of

Snure & Ponall P.A., Winter Park, Florida,

Responding with Comments

# APPENDIX

## RULE 3.800. CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES

**(a) Correction.**

**(1) Generally.** A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.

**(2) Successive Motions.** A court may dismiss a second or successive motion if the court finds that the motion fails to allege new or different grounds for relief and the prior determination was on the merits. When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court's ruling must accompany the order dismissing the motion.

**(3) Sexual Predator Designation.** A defendant may seek correction of an allegedly erroneous sexual predator designation under this subdivision, but only when it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator.

**(4) Appeals.** All orders denying or dismissing motions under this subdivision (a) shallmust include a statement that the movantdefendant has the right to appeal within 30 days of rendition of the order.

**(b) – (c) [No Change]**

**Committee Notes**
**[No Change]**

## Court Commentary

**2015 Amendments.** The amendment to rule 3.800(a)(2) is not intended to render inapplicable the "manifest injustice" exception as described in State v. McBride, 848 So. 2d 287 (Fla. 2003).

**1999 Amendments. [No Change]**


## RULE 3.984. APPLICATION FOR CRIMINAL INDIGENT STATUS

IN THE CIRCUIT/COUNTY COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA


STATE OF FLORIDA     vs.                    CASE. NO. _____

_____
Defendant/Minor Child

### APPLICATION FOR CRIMINAL INDIGENT STATUS

_____ I AM SEEKING THE APPOINTMENT OF THE PUBLIC DEFENDER

  OR

_____ I HAVE A PRIVATE ATTORNEY OR AM SELF-REPRESENTED AND SEEK DETERMINATION OF INDIGENCE STATUS FOR COSTS

**Notice to Applicant:** The provision of a public defender/court appointed lawyer and costs/due process services are not free. A judgment and lien may be imposed against all real or personal property you own to pay for legal and other services provided on your behalf or on behalf of the person for whom you are making this application. There is a $50.00 fee for each application filed.

If the application fee is not paid to the Clerk of the Court within 7 days, it will be added to any costs that may be assessed against you at the conclusion of this case. If you are a parent/guardian making this affidavit on behalf of a minor or tax-dependent adult, the information contained in this application must include your income and assets.

**1.     I have _____ dependents.** *(Do not include children not living at home and do not include a working spouse or yourself.)*


**2.     I have a take home income of $_____** paid  ( ) weekly  ( ) bi-weekly  ( ) semi-monthly  ( ) monthly  ( ) yearly

*(Take home income equals salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, **minus** deductions required by law and other court ordered support payments)*

**3.**     **I have other income** paid ( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly ( ) yearly: *(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No.")*

| | | | |
|---|---|---|---|
| Social Security benefits...................... | Yes | $_____ | No |
| Unemployment compensation........... | Yes | $_____ | No |
| Union Funds....................................... | Yes | $_____ | No |
| Workers compensation....................... | Yes | $_____ | No |
| Retirement/pensions.......................... | Yes | $_____ | No |
| Trusts or gifts.................................... | Yes | $_____ | No |
| Veterans' benefit............................... | Yes | $_____ | No |
| Child support or other regular support from family members/spouse............................... | Yes | $_____ | No |
| Rental income.................................... | Yes | $_____ | No |
| Dividends or interest......................... | Yes | $_____ | No |
| Other kinds of income not on the list...................................................... | Yes | $_____ | No |

**4.**     **I have other assets:** *(Circle "yes" and fill in the value of the property, otherwise circle "No")*

| | | | |
|---|---|---|---|
| Cash.................................................... | Yes | $_____ | No |
| Bank account(s)................................. | Yes | $_____ | No |
| Certificates of deposit or money market accounts................................ | Yes | $_____ | No |
| * Equity in Motor vehicles/Boats/ Other tangible property...................... | Yes | $_____ | No |
| Savings............................................... | Yes | $_____ | No |
| Stocks/bonds...................................... | Yes | $_____ | No |
| * Equity in Real estate (excluding homestead)......................................... | Yes | $_____ | No |

  * include expectancy of an interest in such property

**5.**     **I have a total amount of liabilities and debts in the amount of $_____,.**

**6.**     **I receive***: (Circle "Yes" or "No")*

Temporary Assistance for Needy Families-Cash Assistance............................................................ Yes          No

Poverty-related veterans' benefits........................ Yes      No
Supplemental Security Income (SSI)................... Yes      No

**7.      I have been released on bail in the amount of $_____.      Cash ___ Surety ___
Posted by:** Self ___     Family ___     Other ____

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 27.52, F.S. commits a misdemeanor of the first degree, punishable as provided in s. 775.082, F.S. or s. 775.083, F.S. **I attest that the information I have provided on this Application is true and accurate ~~to the best of my knowledge.~~**

Signed this ____ day of _____, 20___.

Date of Birth _____                       Signature of Applicant for Indigent Status

Driver's license or ID number _____           Print full legal name _____
                                                 Address _____
                                                 City, State, Zip _____
                                                 Phone number _____

**CLERK'S DETERMINATION**

_____ Based on the information in this Application, I have determined the applicant to be ( ) Indigent ( ) Not Indigent

_____ The Public Defender is hereby appointed to the case listed above until relieved by the Court.

Dated this _____ day of _____, 20___.

                                                 _____
                                                 Clerk of the Circuit Court

This form was completed                          _____
with the assistance of                           Clerk/Deputy Clerk/Other authorized
                                                 person

**APPLICANTS FOUND NOT INDIGENT MAY SEEK REVIEW BY ASKING FOR A HEARING TIME. Sign here if you want the judge to review the clerk's decision of not indigent.** _____


# RULE 3.987.    MOTION FOR POSTCONVICTION RELIEF

MODEL FORM FOR USE IN MOTIONS FOR
POSTCONVICTION RELIEF PURSUANT TO
FLORIDA RULE OF CRIMINAL PROCEDURE 3.850

<table>
<tr><td>

State of Florida,

v.

_____
(your name)

</td><td>

)
)
)
)
)
)
)
)

</td><td>

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Criminal Division

Case No.: _____
(the original case number)

</td></tr>
</table>

MOTION FOR POSTCONVICTION RELIEF

Instructions — Read Carefully


(1)     This motion must be ~~legibly handwritten or typewritten, signed by the defendant, and contain either the first or second oath set out at the end of this rule~~ <u>typewritten or hand-written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2 by 11 inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause</u>. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2)     Additional pages are not permitted except with respect to the facts that you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted in support of your legal claims (as opposed to your factual claims), they should be submitted in the form of a separate memorandum of law. This memorandum should have the same caption as this motion.

(3)     No filing fee is required when submitting a motion for postconviction relief.

(4)     Only the judgment of one case may be challenged in a single motion for postconviction relief. If you seek to challenge judgments entered in different cases, or different courts, you must file separate motions as to each such case. The single exception to this is if you are challenging the judgments in the different cases that were consolidated for trial. In this event, show each case number involved in the caption.

(5)     Your attention is directed to the fact that you must include all grounds for relief, and all facts that support such grounds, in the motion you file seeking relief from any judgment of conviction.

(6)     Claims of newly discovered evidence must be supported by affidavits attached to your motion. If your newly discovered evidence claim is based on recanted trial testimony or a newly discovered witness, the attached affidavit must be from that witness. For all other newly discovered evidence claims, the attached affidavit must be from any person whose testimony is necessary to factually support your claim for relief. If the required affidavit is not attached to your motion, you must provide an explanation why the required affidavit could not be obtained.

(7)     Your motion must also be submitted under oath and state as follows:

(a)     that you are the defendant in the cause,

(b)     that you understand English or, if you cannot understand English, that you have had the motion translated completely into a language that you understand, along with the name and address of the person who translated the motion and a certification from that person that he or she provided you with an accurate and complete translation,

(c)     that you have either read your motion or had it read to you,

(d)     that you understand all of its contents,

(e)     that your motion is filed in good faith, with a reasonable belief that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court,

(f)     that all of the facts stated in your motion are true and correct, and

(g)     that you are subject to sanctions, whether imposed by the court or administratively by the Department of Corrections, including but not limited to forfeiture of gain time, if your motion is found to be frivolous, malicious, or otherwise made in bad faith or with reckless disregard for the truth.

(8)     When the motion is fully completed, the original must be mailed to the clerk of the court whose address is _____ (county where sentence was imposed) County Courthouse, _____ (address of clerk), ~~Florida~~ as stated in Florida Rule of Appellate Procedure 9.420.

MOTION

1.      Name and location of the court that entered the judgment of conviction under attack: ____

_____

2.      Date of judgment of conviction: _____

3.      Length of sentence: _____

4.      Nature of offense(s) involved (all counts): _____

_____

_____

5.      What was your plea? (check only one)

        (a)     Not guilty _____

        (b)     Guilty _____

        (c)     Nolo contendere _____

        (d)     Not guilty by reason of insanity _____

If you entered one plea to one count and a different plea to another count, give details:_____

_____

_____

_____

_____

6.      Kind of trial: (check only one)

        (a)     Jury _____

        (b)     Judge only without jury _____

7.      Did you testify at the trial or at any pretrial hearing?

        Yes _____ No _____

        If yes, list each such occasion: _____

_____

8.	Did you appeal from the judgment of conviction?

	Yes _____ No _____

9.	If you did appeal, answer the following:

	(a)	Name of court: _____

	(b)	Result: _____

	(c)	Date of result: _____

	(d)	Citation (if known): _____

10.	Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgment in this court?

	Yes _____ No _____

11.	If your answer to number 10 was "yes," give the following information (applies only to proceedings in this court):

	(a)	(1)	Nature of the proceeding: _____

	_____

		(2)	Grounds raised: _____

	_____

	_____

		(3)	Did you receive an evidentiary hearing on your petition, application, motion, etc.?

		Yes _____ No _____

		(4)	Result: _____

		(5)	Date of result: _____

	(b)	As to any second petition, application, motion, etc., give the same information:

(1)     Nature of the proceeding: _____

_____

(2)     Grounds raised: _____

_____

_____

(3)     Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes _____ No _____

(4)     Result: _____

(5)     Date of result: _____

12.     Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgment in any other court?

Yes _____ No _____

13.     If your answer to number 12 was "yes," give the following information:

(a)     (1)     Name of court: _____

        (2)     Nature of the proceeding: _____

_____

_____

        (3)     Grounds raised: _____

_____

_____

(4)     Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes _____ No _____

- 16 -

(5)     Result: _____

(6)     Date of result: _____

(b)     As to any second petition, application, motion, etc., give the same information:

(1)     Name of court: _____

(2)     Nature of the proceeding: _____

_____

_____

(3)     Grounds raised: _____

_____

_____

(4)     Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes _____ No _____

(5)     Result: _____

(6)     Date of result: _____

(c)     As to any third petition, application, motion, etc., give the same information:

(1)     Name of court: _____

(2)     Nature of the proceeding: _____

_____

_____

(3)     Grounds raised: _____

_____

_____

(4)     Did you receive an evidentiary hearing on your petition, application, motion, etc.?

Yes _____ No _____

(5)     Result: _____

(6)     Date of result: _____

14.     State concisely every ground on which you claim that the judgment or sentence is unlawful. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and the facts supporting them.

For your information, the following is a list of the most frequently raised grounds for postconviction relief. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds that you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that your conviction or sentence is unlawful.

DO NOT CHECK ANY OF THESE LISTED GROUNDS. If you select one or more of these grounds for relief, you must allege facts. The motion will not be accepted by the court if you merely check (a) through (i).

(a)     Conviction obtained by plea of guilty or nolo contendere that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(c)     Conviction obtained by a violation of the protection against double jeopardy.

(d)     Denial of effective assistance of counsel.

(e)     Denial of right of appeal.

(f)     Lack of jurisdiction of the court to enter the judgment or impose sentence (such as an unconstitutional statute).

(g)     Sentence in excess of the maximum authorized by law.

(h)     Newly discovered evidence.

(i)     Changes in the law that would be retroactive.

A. Ground 1: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

B. Ground 2: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

C. Ground 3: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

D.      Ground 4: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

15.     If any of the grounds listed in 14 A, B, C, and D were not previously presented on your direct appeal, state briefly what grounds were not so presented and give your reasons they were not so presented:

_____

_____

_____

_____

_____

_____

16.     Do you have any petition, application, appeal, motion, etc., now pending in any court, either state or federal, as to the judgment under attack?

Yes _____ No _____

17.     If your answer to number 16 was "yes," give the following information:

(a)     Name of court: _____

(b)   Nature of the proceeding: _____

(c)   Grounds raised: _____

_____

_____

(d)   Status of the proceedings: _____

_____

18.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein.

(a)   At preliminary hearing: _____

_____

(b)   At arraignment and plea: _____

_____

(c)   At trial: _____

_____

(d)   At sentencing: _____

_____

(e)   On appeal: _____

_____

(f)   In any postconviction proceeding: _____

_____

(g)   On appeal from any adverse ruling in a postconviction proceeding:

_____

WHEREFORE, movant requests that the court grant all relief to which the movant may be entitled in this proceeding, including but not limited to (here list the nature of the relief sought):

- 21 -

1. _____

_____

_____

_____

_____

_____

2. Such other and further relief as the court deems just and proper.

OATH

~~(Complete 1 or 2)~~

~~1.            Notarized Oath.~~

~~STATE OF FLORIDA        )~~
~~                        )~~
~~COUNTY OF               )~~

~~Before me, the undersigned authority, this day personally appeared _____, who first being duly sworn, says that he or she is the defendant in the above-styled cause, that he or she has read the foregoing motion for postconviction relief and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct.~~

~~_____~~
~~(your signature)~~

~~SWORN AND SUBSCRIBED TO before me on .....(date)......~~

~~_____~~
~~NOTARY PUBLIC or other person~~
~~authorized to administer an oath~~
~~(print, type, or stamp commissioned name of notary public)~~

~~Personally known _____ or produced identification _____~~

- 22 -

~~Type of Identification produced _____~~

~~2.        Unnotarized Oath.~~

~~Under penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true.~~

_____<br>
~~(your signature)~~

Under penalties of perjury and administrative sanctions from the Department of Corrections, including forfeiture of gain time if this motion is found to be frivolous or made in bad faith, I certify that I understand the contents of the foregoing motion, that the facts contained in the motion are true and correct, and that I have a reasonable belief that the motion is timely filed. I certify that this motion does not duplicate previous motions that have been disposed of by the court. I further certify that I understand English and have read the foregoing motion or had the motion read to me, or the foregoing motion was translated completely into a language which I understand and read to me by . . . . .(name). . . . ., whose address is . . . . .(address). . . . ., and whose certification of an accurate and complete translation is attached to this motion.

/s/_____<br>
Name_____<br>
DC#_____

### Certificate of Mailing
(Must use Certificate of Mailing OR Certificate of Service)

I certify that I placed this document in the hands of . . . . .(here insert name of institution official). . . . . for mailing to . . . . .(here insert name or names and addresses used for service). . . . . on . . . . .(date). . . . . .

/s/_____<br>
Name_____<br>
Address _____<br>
DC#_____

### Certificate of Service
(Must use Certificate of Mailing OR Certificate of Service)

I certify that the foregoing document has been furnished to . . . . .(here insert name or names, addresses used for service and mailing addresses). . . . . by (e-mail) (delivery) (mail) (fax) on . . . . .(date). . . . . .

/s/_____<br>
Attorney

Certificate of an Accurate and Complete Translation
(To be used if translation of the motion was necessary.)


I certify that a complete and accurate translation of this motion was provided to the Defendant in this case on . . . . .(date). . . . . .

/s/ _____
Name _____
Address _____
DC# _____

## RULE 3.9875.     MOTION FOR JAIL CREDIT

MODEL FORM FOR USE IN MOTIONS FOR
CORRECTION OF JAIL CREDIT PURSUANT TO
FLORIDA RULE OF CRIMINAL PROCEDURE 3.801

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

State of Florida                              )
                                             )
                    v.                       )
                                             )
                                             )
(your name)                                  )
                                             )
                                             )

MOTION FOR CORRECTION OF JAIL CREDIT

**INSTRUCTIONS FOR FILING MOTION FOR JAIL CREDIT
PURSUANT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.801
READ CAREFULLY**

1.     The attached motion is the only type of motion you are permitted to file to obtain in-state jail credit omitted from your sentence. It may not be used to obtain out-of-state jail credit.

2.      You must file this motion within 1 year of the date your sentence became final.

3.      Only 1 motion may be filed to obtain jail credit omitted from your sentence. No successive motion for jail credit will be considered.

4.      You must complete the attached motion by filling in the blank spaces.

5.      You must tell the truth and sign the attached motion.  If you make a false statement of a material fact in your motion, you may be prosecuted for perjury.

6.      You must file the attached motion in the court that imposed the sentence on which the jail credit was omitted.

7.      You are not required to pay a filing fee to file the attached motion.

MOTION FOR CORRECTION OF JAIL CREDIT

_____ (hereinafter "Defendant"), in pro se fashion, respectfully moves this Honorable Court for jail credit pursuant to section 921.161(1), Florida Statutes, and Florida Rule of Criminal Procedure 3.801.  In support of the motion, the Defendant states the following in a question-and-answer format:

1.      What is/are the FACT(S) that was/were omitted from any sentence(s) imposed in this case that entitle you to jail credit?_____

_____

_____

2.      Is this the first motion you have filed requesting this jail credit?_____

If you answered NO, how many prior motions have you filed?_____

As to EACH motion, what was the result?_____

_____

_____

3.      If you have already received jail credit on any sentence(s) imposed in this case, what was the total time for jail credit on each sentence?_____

- 25 -

What dates did this jail credit cover?

Where were you incarcerated?

4.      What is the total time for jail credit that you are requesting in this motion that you have NOT YET RECEIVED on any sentence(s) imposed in this case?

What dates does this jail credit cover?

Where were you incarcerated?

Did you have any other charge(s) pending during this time frame?

If the answer is YES, as to EACH charge, what is the case number, name of county, and resolution of charge(s)?

5.      Was your sentence the result of a trial or plea?

If your sentence was the result of a plea:

      Was it a negotiated plea with the State or was it an open plea to the Court?

      Did you sign a written plea agreement?

      Did you sign a written rights waiver form?

      Did you waive any county jail credit as part of the plea?

      If so, how many days did you agree to waive?

6.      Under penalties of perjury and administrative sanctions from the Department of Corrections, including forfeiture of gain time if this motion is found to be frivolous or made in

bad faith, I certify that I understand the contents of the foregoing motion, that the facts contained in the motion are true and correct, and that I have a reasonable belief that the motion is timely filed. I certify that this motion does not duplicate previous motions that have been disposed of by the court. I further certify that I understand English and have read the foregoing motion or had the motion read to me, or the foregoing motion was translated completely into a language which I understand and read to me by . . . . .(name). . . . ., whose address is . . . . .(address). . . . ., and whose certification of an accurate and complete translation is attached to this motion.

WHEREFORE, the Defendant respectfully moves the Court to grant this motion for ___ days of additional jail credit, for a total of ___ days of credit.

/s/ _____
Name _____
DC# _____

Certificate of Mailing
(Must use Certificate of Mailing OR Certificate of Service)

I certify that I placed this document in the hands of . . . . .(here insert name of institution official). . . . . for mailing to . . . . .(here insert name or names and addresses used for service). . . . . on . . . . .(date). . . . . .

/s/ _____
Name _____
Address _____
DC# _____

Certificate of Service
(Must use Certificate of Mailing OR Certificate of Service)

I certify that the foregoing document has been furnished to . . . . .(here insert name or names, addresses used for service and mailing addresses). . . . . by (e-mail) (delivery) (mail) (fax) on . . . . .(date). . . . . .

/s/ _____
Attorney

Certificate of an Accurate and Complete Translation
(To be used if translation of the motion was necessary.)

I certify that a complete and accurate translation of this motion was provided to the Defendant in this case on . . . . .(date). . . . . .

/s/ _____
Name _____
Address _____
DC# _____

## RULE 3.993. FORMS RELATED TO CAPITAL POSTCONVICTION RECORDS PRODUCTION

**(a)** **Notice to State Attorney of Affirmance of Death Penalty.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

**NOTICE TO STATE ATTORNEY OF AFFIRMANCE OF DEATH PENALTY**

TO: _____
      [name of state attorney and circuit]

The Attorney General of the State of Florida, under Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on .....(date)....., the Florida Supreme Court issued its mandate affirming the death sentence in this case.

Within 15 days after receipt of this notice, you should provide written notice to each law enforcement agency involved in this case.

Within 90 days after receipt of this notice, you and each law enforcement agency involved in this case, should copy, index, and deliver to the records repository of the Secretary of State all public records that were produced in the investigation or prosecution of this case, except those previously filed in the trial court.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on —

[name of trial court], _____ [name of state attorney], and _____ [name of trial counsel for defendant].....(name of trial court)....., .....(name of state attorney)....., and .....(name of trial counsel for defendant)..... on .....(date)......

_____

[name, and address, and e-mail address of attorney general]

**(b)**    **Notice to Secretary of Department of Corrections of Affirmance of Death Penalty.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

**NOTICE TO SECRETARY OF DEPARTMENT OF CORRECTIONS
OF AFFIRMANCE OF DEATH PENALTY**

TO: _____
    [name of Secretary of Department of Corrections]

The Attorney General of the State of Florida, under Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on .....(date)....., the Florida Supreme Court issued its mandate affirming the death sentence in this case.

Within 90 days after receipt of this notice, you should copy, index, and deliver to the records repository of the Secretary of State all public records determined by your department to

be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851 unless the production of these records would be unduly burdensome.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on ~~[name of trial court], [name of Secretary of Department of Corrections], and [name of trial counsel for defendant]~~.....(name of trial court)....., .....(name of Secretary of Department of Corrections)....., and .....(name of trial counsel for defendant)..... on .....(date)......

[name~~, and~~ address, and e-mail address of attorney general]

**(c)** **Notice by State Attorney to Law Enforcement Agency.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

**NOTICE OF AFFIRMANCE OF DEATH PENALTY
AND TO PRODUCE PUBLIC RECORDS**

TO: _____
    [name of chief law enforcement officer]

The State Attorney of the _____ Judicial Circuit of the State of Florida, under Florida Rule of Criminal Procedure 3.852(e)(1), hereby gives notice to _____ ~~[name of chief law enforcement officer and agency],~~.....(name of chief law enforcement office and agency)....., that was involved in this case by investigation, arrest, prosecution or incarceration, that on .....(date)....., the Florida Supreme Court issued its mandate affirming the death sentence in this case.

Within 90 days after receipt of this notice, you and each law enforcement agency involved in this case should copy, index, and deliver to the records repository of the Secretary of State all public records that were produced in the investigation, arrest, prosecution, or incarceration of this case, except those filed in the trial court.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____ [name of chief law enforcement officer], [name of attorney general], and _____ [name of collateral counsel],.....(name of trial court)....., .....(name of chief law enforcement officer)....., .....(name of attorney general)....., and .....(name of collateral counsel)....., on .....(date)......

_____

[name, and address, and e-mail address of
state attorney]

**(d)**      **Notice of Compliance by State Attorney**.

In the Circuit Court of the   _____
Judicial Circuit, in and for   _____
County, Florida
Case No.   _____
Division   _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

### NOTICE OF COMPLIANCE BY STATE ATTORNEY

TO:   _____

    [name, and address, and e-mail address of attorney general]

The State Attorney for the _____ Judicial Circuit gives notice to the Attorney General of compliance by delivery of public records involving this case to the records repository of the Secretary of State. To the best of my knowledge and belief, all public records in my possession that were produced in the investigation or prosecution of the case, except those previously filed in the trial court, have been copied, indexed, and delivered to the records

repository of the Secretary of State as required by Florida Rule of Criminal Procedure 3.852(e)(2).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____ [name of attorney general], and [name of collateral counsel].....(name of trial court)....., .....(name of attorney general)....., and .....(name of collateral counsel)..... on .....(date)......

|  |
| --- |
| [name, and address, and e-mail address of state attorney] |

**(e)      Notice of Compliance by the Secretary of the Department of Corrections.**

In the Circuit Court of the  _____
Judicial Circuit, in and for  _____
County, Florida
Case No.  _____
Division  _____

State of Florida,

    Plaintiff,

v.

_____ ,

    Defendant.

**NOTICE OF COMPLIANCE BY THE SECRETARY
OF THE DEPARTMENT OF CORRECTIONS**

TO: _____
    [name, and address, and e-mail address of attorney general]

The Secretary of the Department of Corrections, having received notice of the affirmance of the death penalty in this case from the Attorney General on .....(date)....., hereby gives notice and certifies that, to the best of my knowledge and belief, all public records determined by the Department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851, except those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____ [name of attorney general], [name of state attorney], and _____ [name of collateral counsel],.....(name of trial court)....., .....(name of attorney general)....., .....(name of state attorney)....., and .....(name of collateral counsel)....., on .....(date)......

_____

[name, and address, and e-mail address of
Secretary of Department of Corrections]

**(f)      Notice of Compliance by Law Enforcement Agency.**

In the Circuit Court of the   _____
Judicial Circuit, in and for   _____
County, Florida
Case No.   _____
Division   _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

**NOTICE OF COMPLIANCE BY LAW ENFORCEMENT AGENCY**

TO:   _____
    [name, and address, and e-mail address of attorney general]

_____ [name of chief law enforcement officer and agency] .....( name of chief law enforcement officer and agency)..... that was involved in this case by an investigation, arrest, prosecution, or incarceration, hereby gives notice to the Attorney General of compliance by delivery of public records involving this case to the records repository of the Secretary of State. I further certify that, to the best of my knowledge and belief, all public records in possession of this agency or in the possession of any employee of this agency that were produced in the investigation or prosecution of the case, except those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____ [name of attorney general], [name of state attorney], and [name of collateral counsel],.....(name of trial court)....., .....(name of attorney general)....., .....(name of state attorney)....., and .....(name of collateral counsel)....., on .....(date)......

_____

[name, and address, and e-mail address of chief law enforcement officer]

**(g)**      **Notice to Attorney General of Pertinent Information.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

     Plaintiff,

v.

_____,

     Defendant.

**STATE ATTORNEY'S NOTICE TO ATTORNEY GENERAL
OF PERTINENT INFORMATION**

TO:    _____

     [name, and address, and e-mail address of attorney general]

The undersigned _____ [name of state attorney].....(name of state attorney)..... hereby gives notice to the Attorney General of the following name(s) and address(es) of any person or agency having information pertinent to this case in addition to those persons and agencies who previously furnished public records to the records repository of the Secretary of State:

[list names and addresses of persons or agencies]

Please provide prompt written notification to each identified person or agency of the duty to deliver to the records repository of the Secretary of State all public records pertaining to this case, except those previously filed in the trial court.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____ [name of attorney general], and [name of public defender or defense counsel],.....(name of trial court)....., .....(name of attorney general)....., and .....(name of public defender or defense counsel)....., on .....(date)......

_____

[name, ~~and~~ address, and e-mail address of state attorney]

**(h)     Notice to Attorney General of Pertinent Information.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

**TRIAL COUNSEL'S NOTICE TO ATTORNEY
GENERAL OF PERTINENT INFORMATION**

TO: _____

    [name, ~~and~~ address, and e-mail address of attorney general]

The undersigned _____ [name of public defender or other counsel], for _____, [name of defendant].....(name of public defender or other counsel)....., for .....(name of defendant)..... hereby gives notice to the Attorney General of the following name(s) and address(es) of persons or agencies that may have information pertinent to this case, in addition to those previously furnished to collateral counsel.

- 35 -

[list names and addresses of persons or agencies]

Please provide prompt written notification to each identified person or agency of the duty to deliver to the records repository of the Secretary of State all public records pertaining to this case, except those previously filed in the trial court.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____ [name of attorney general], and [name of state attorney],.....(name of trial court)....., .....(name of attorney general)....., and .....(name of state attorney)....., on .....(date)......

[name, and address, and e-mail address of trial counsel]

**(i)** **Notice by Attorney General to Person or Agency Having Pertinent Information.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

**NOTICE BY ATTORNEY GENERAL TO PERSON
OR AGENCY HAVING PERTINENT INFORMATION**

TO: _____
[name, and address, and e-mail address of person or agency]

Pursuant to Florida Rule of Criminal Procedure 3.852(d)(2), the undersigned has been notified by _____ [name of trial counsel or state attorney],.....(name of trial counsel or state attorney)....., that you have public records pertinent to this case.

Under the provisions of rule 3.852(e)(5), you must:

1. Within 90 days of receipt of this notice, copy, index, and deliver to the records repository of the Secretary of State all public records in your possession pertinent to this case, except those previously filed in the trial court; and

2. Provide written notice to me that you have complied with these provisions.

I HEREBY CERTIFY that a true and correct copy of the pleading has been served on [name of person or agency]and _____ [name of trial court],.....(name of person or agency)..... and .....(name of trial court)....., on .....(date)......

[name, and address, and e-mail address of attorney general]

**(j)    Notice of Compliance by Person or Agency.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.

    _____,

    Defendant.

**NOTICE OF COMPLIANCE BY PERSON OR AGENCY**

TO: _____

    [name, and address, and e-mail address of attorney general]

The undersigned having received notice under Florida Rule of Criminal Procedure 3.852(e)(5) from the Attorney General on .....(date)....., to copy, index, and deliver all public records in my possession or in the possession of the undersigned agency to the records repository of the Secretary of State, hereby gives notice to the Attorney General and further certifies that, to the best of my knowledge and belief, all of these public records in my possession or in the

- 37 -

possession of the undersigned agency pertaining to this case, except those previously filed in the trial court, have been copied, indexed, and delivered to the records repository of the Secretary of State.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____ [name of attorney general], _____ [name of state attorney], and _____ [name of collateral counsel],.....(name of trial court)....., .....(name of attorney general)....., .....(name of state attorney)....., and .....(name of collateral counsel)....., on .....(date)......

 

                [name, and address, and e-mail address of person or agency]

 

**(k)**      **Defendant's Demand for Production of Additional Public Records Pertaining to Defendant's Case.**

                In the Circuit Court of the _____
                Judicial Circuit, in and for _____
                County, Florida
                Case No. _____
                Division _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

### DEFENDANT'S DEMAND FOR ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT'S CASE

TO: _____
      [name, and address, and e-mail address of person or agency]

The defendant, by and through undersigned counsel, hereby makes demand of _____ _____ [name of person or agency submitting public records],.....(name of person or agency submitting public records)..... under Florida Rule of Criminal Procedure 3.852(i), for additional public records pertinent to this case.

- 38 -

1.      Undersigned counsel represents that, after a timely and diligent search, the records specifically described below:

(a)      are relevant to a pending proceeding under rule 3.850; or

(b)      appear reasonably calculated to lead to the discovery of admissible evidence; and

(c)      have not been obtained previously in discovery or from a prior public records request from either the above-named person or agency or any other; and

(d)      presently are not available from the public records repository.

2.      The public records requested are as follows:

[list public records requested]

3.      Under rule 3.852, any objection to production, including any claim of exemption, must be filed with the trial court and served on all counsel of record within 60 days of receipt of this demand, or that objection will be considered waived.

4.      Under rule 3.852, you shall, within 90 days after receipt of this demand:

(a)      copy, index, and deliver to the records repository of the Secretary of State any additional public records in the possession of your agency that pertain to this case; and

(b)      certify that, to the best of your knowledge and belief, all additional public records have been delivered to the records repository of the Secretary of State; and

(c)      recertify that the public records previously delivered are complete if no additional public records are found.

_____
[name of attorney for defendant]

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], [name of person or agency], [name of attorney general], and [name of state attorney],.....(name of trial court)....., .....(name of person or agency)....., .....(name of attorney general)....., and .....(name of state attorney)....., on .....(date)......

_____
[name, and address, and e-mail address of attorney for defendant]

(*l*) **Objection to Defendant's Request for Production of Additional Public Records Pertaining to Defendant's Case and Motion for Hearing.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.

_____ ,

    Defendant.

**OBJECTION TO DEFENDANT'S REQUEST FOR PRODUCTION OF ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT'S CASE AND MOTION FOR HEARING**

The undersigned person or agency, having received on .....(date)..... defendant's demand for production of additional public records pertaining to defendant's case, hereby files this objection and respectfully moves the court to hold a hearing to determine if the requirements of Florida Rule of Criminal Procedure 3.852[(g)(3)] have been met. The grounds for this objection are:

[specify grounds and identify records]

Respectfully submitted,

_____
[name of attorney]
Attorney for _____
    [name of person or agency]

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____ [name of attorney for defendant], and [name of attorney general],.....(name of trial court)....., .....(name of attorney for defendant)....., and .....(name of attorney general)....., on .....(date)......

_____

[name, address, and e-mail address of attorney]

**(m)** **Notice of Delivery of Exempt Public Records to Records Repository.**

In the Circuit Court of the _____

Judicial Circuit, in and for _____

County, Florida

Case No. _____

Division _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

**NOTICE OF DELIVERY OF EXEMPT PUBLIC
RECORDS TO RECORDS REPOSITORY**

TO:    Records Repository

_____

[address of records repository]

The undersigned, _____ [name of person or agency],.....(name of person or agency)..... hereby gives notice to the records repository of the Secretary of State that certain delivered records are confidential or exempt from the requirements of section 119.07(1), Florida Statutes. These public records have been separately contained without being redacted, sealed, and the nature of the public records and the legal basis under which the public records are exempt has been identified.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on [name of trial court], _____[name of records repository], [name of attorney general] , _____[name of state attorney], and _____[name of collateral counsel].....(name of trial court)....., .....(name of records repository)....., .....(name of state attorney)....., and .....(name of collateral counsel)....., on .....(date)......

[name, and address, and e-mail address of person or agency]

**(n)** **Order to Deliver Exempt Public Records to the Clerk of Circuit Court.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.

_____,

    Defendant.

**ORDER TO DELIVER EXEMPT
PUBLIC RECORDS**

TO:      Records Repository

_____

    [address of records repository]

This court having received notice on .....(date)....., that certain records for which a claim of confidentiality or exemption from disclosure has been made have been copied, indexed, separately contained without being redacted, sealed, identified as to their nature and the legal basis for their confidentiality or exemption, and delivered to the records repository of the Secretary of State, it is ordered that said records be delivered to _____ [name of clerk of circuit court].....(name of clerk of circuit court)..... for further proceedings consistent with Florida Rule of Criminal Procedure 3.852(f). _____ [name of moving party].....( name of moving party)..... shall bear all costs associated with the transportation and inspection of these records by the trial court.

    DONE AND ORDERED in _____ County, Florida, on .....(date)......

_____
Judge

_____
Judge's address and e-mail address

**(*o*)** **Notice of Delivery of Exempt Public Records to the Clerk of Circuit Court.**

In the Circuit Court of the _____
Judicial Circuit, in and for _____
County, Florida
Case No. _____
Division _____

State of Florida,

    Plaintiff,

v.


_____,
    Defendant.

**NOTICE OF DELIVERY OF EXEMPT
PUBLIC RECORDS TO CLERK
OF CIRCUIT COURT**

TO:    _____

       [name, ~~and~~ address, and e-mail address of clerk of circuit court]

      The Secretary of State, by and through the undersigned, having received an appropriate court order under Florida Rule of Criminal Procedure 3.852, hereby gives notice that the sealed container(s) of exempt public records has/have been shipped to the above-listed clerk of circuit court. Under the provisions of rule 3.852(f)(2), these public records may be opened only for an inspection by the trial court in camera.

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on ~~[name of trial court], _____ [name of clerk of circuit court], _____ [name of attorney general], and _____ [name of collateral counsel],~~ .....(name of trial court)....., .....(name of clerk of circuit court)....., .....(name of attorney general)....., and .....(name of collateral counsel)....., on .....(date)......

_____
[name of secretary of state]
By: _____

- 43 -

[name of representative of secretary of state]

Address and e-mail address